CHARLES C. SOUTHARD as Assignee, etc., Appellant, v. MAURICE J. WALSH et al., Respondents.

A., having contracted with defendants to build for them certain machinery, applied to D., plaintiff's assignor, to purchase the timber necessary therefor. D. declined to sell to A., but expressed a willingness to sell to defendants. A. and D. thereupon went to defendants, where this statement was repeated, and it was then agreed that A. should build the machinery and pay $2,500 toward the timber, and when it was all delivered should give D. an order on defendants for the balance, payable out of what was due A. on the contract. A. made the payment, and gave the order as agreed; and, upon presentation of the order, defendants admitted that they owed A. more than the amount thereof. *Held*, that an action for goods sold and delivered was not maintainable against defendants; that D. simply took an equitable assignment from A. of so much of the money, to become due the latter from defendants, as was sufficient to pay the balance due for the timber; and that the action should have been upon the order.

(Argued April 17, 1879; decided May 20, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendants entered upon an order dismissing the complaint on trial.

This action was brought by plaintiff as assignee in bankruptcy of one Decker to recover a balance due for a quantity of timber alleged to have been sold and delivered by said Decker to defendants.

It appeared that one Allen had contracted to construct for defendants three traveling cranes, and to furnish the timber and materials therefor. Decker testified in substance that Allen came to him with a schedule of timber for one of the cranes, and desired to purchase of him; that he, Decker, stated that he was not willing to sell to Allen, but would sell to the defendants; that they thereupon went to defendants, where it was agreed that Allen was to pay $2,500 toward the timber, and defendants the balance, and (to use the language of the witness) "that

Allen was to build the building and sign the tickets for the timber on delivery, and when the timber was all delivered he was to give me an order on Walsh Bros. for the balance on what was due for the construction of the building." This arrangement was carried out. Allen paid the $2,500, and for the balance gave an order in these words :

" New York, <em>May</em> 14, 1872.

" Messrs. Walsh Bros. :

" Gentlemen — You will please pay to the order of Mr. W. H. Decker the sum of thirty-two hundred and seventy-six $\frac{61}{100}$ dollars, the same being balance due him on balance of bill of timber furnished for traveling beams, etc., etc., same to be payable out of any funds due me at the time when the same may be due according to our contract of February 16, 1872.

" Respectfully, etc.,

"WM. B. ALLEN, <em>Manager.</em>"

Further facts appear in the opinion.

*R. E. Deyo*, for appellant. An action for goods sold and delivered was the proper form in which to seek to charge the defendants. (Fellow's Guar. & Suretyship [Little's ed., § 859], 46; *Chase* v. *Day*, 17 J. R., 114; *Xeate* v. *Temple*, 1 Bos. & Pul., 158; *Houlditch* v. *Milne*, 3 Esp., 86; *Rains* v. *Storry*, 3 Car. & P., 131; *Wilson* v. *Coupland*, 3 B. & Ald., 228; *Dixon* v. *Hatfield*, 2 Bing., 439; 10 J. B. Moore, 42.)

*Geo. A. Black*, for respondents.

Rapallo, J. We do not think that upon the evidence in this case, a verdict that the defendants were the purchasers of the timber in question and undertook unconditionally to pay for it, could have been sustained. The order which Decker the vendor obtained from W. B. Allen, and presented to the defendants is totally inconsistent with that theory.

By the terms of that order the purchase price of the timber was to be paid by the defendants, not out of their own funds, but out of any funds to become due to Allen under his contract with the defendants. This shows clearly that the debt was not that of the defendants, but that of Allen, and that the payment to be made by the defendants was conditioned upon money becoming due from them to Allen, and was to be made for his account. The testimony of Decker is to the effect that when applied to by Allen for the timber, he stated to Allen that he was not willing to sell to him, but was willing to sell to the defendants, and they then went together to the defendants where the same statement was repeated, and he says generally that Maurice Walsh one of the defendants said he would take the timber, and it was then agreed that Allen should pay $2,5C0, and Walsh should pay the balance. But when asked what Mr. Walsh said, the witness testified that the words were that Allen was to build the building and sign the tickets for the timber on delivery, and when the timber was all delivered he was to give Decker an order on the defendants for the balance, on what was due for the construction of the building. That Allen gave the order, and paid the $2,500, and witness afterwards took the order to the office of the defendants who admitted that they owed Allen more than the amount of the order.

This testimony is entirely consistent with the terms of the order and shows that the writing truly expressed the understanding of the parties, which was that the defendants were not absolutely bound for the price of the timber, but that it was to be paid for out of the money to become due to Allen on his contract. In other words Decker took an equitable assignment from Allen of so much of the money to become due to Allen from the defendants as should suffice to pay the balance due from Allen to Decker for the timber.

Upon this evidence an action for goods sold and delivered could not be maintained by Decker against the defendants. The action should have been upon the draft and then the issue would have been whether Allen had performed his con-

tract with the defendants and how much became due from defendants to Allen.    That is a .very different issue from the one presented in this action.    The testimony shows that the contract of Allen was not performed and it was a disputed question whether anything became due upon it which was applicable to the payment of the draft.    That question was not triable nor was it tried in this action.    The plaintiff claimed upon the ground that the defendants were liable as purchasers of the timber.

We think the nonsuit was properly granted and that the judgment should be affirmed.

All concur.

Judgment affirmed.