(34 App. Div. 294.)

AMERICAN BOILER CO. v. FONTHAM.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

1. ACTION ON ORDER—DEFENSES.

In an action on an order given by a contractor on the other party, which such other party had accepted and agreed to pay, where the only consideration was money alleged to be due under the contract, defendant could show that there was nothing due to the drawer of the order.

2. SAME.

In an action on an accepted order, the complaint alleged that, in an action by the drawer against the defendant for moneys alleged to be due on contract, defendant had set up the acceptance of the order as payment. Held incomplete, unless it was made to appear in that action that the amount of the order had been charged as a payment because of a sum due to the drawer under the contract.

Appeal from trial term.

Action by the American Boiler Company against Charles F. Fontham. From a judgment entered on a verdict directed by the court (50 N. Y. Supp. 351), and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

T. Stevenson, for appellant.
Franklin Pierce, for respondent.

VAN BRUNT, P. J. We think that the learned court below erred in treating the paper referred to in the complaint as an accepted bill of exchange. It had none of the elements of a bill of exchange, and showed upon its face that it was a mere order to pay money out of the sums which might become due to the drawer of the order on a heating contract which he had with the acceptor of the order. This evidently was the theory upon which the action was brought; the plaintiff having alleged that moneys had become due under the

contract, and that the order was drawn against the same, and accepted by the defendant,—there being no other consideration for the defendant's promise. This being the case, the defendant clearly had the right to show that there was nothing due under the contract to the person who had drawn the order. All the defenses which existed between the drawer of the order and the defendant were available upon an action to enforce what is simply an assignment of a portion of the moneys which might become due under the contract.

The allegation in the complaint that in an action brought by the drawer of the order against the defendant, upon the contract, for moneys alleged to be due thereunder, the defendant set up the acceptance of this order as a payment, was incomplete, unless it was made to appear that in that action this sum had actually been charged as a payment on account of a sum which had been found due to the drawer of the order under the contract.

The cases of Gibson v. Lenane, 94 N. Y. 183, and McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948, in no way conflict with this view. All that they hold is that an order of this kind must, as between the parties to the contract, be treated as a payment on account of what is found to be due under the contract. Of course, if there is nothing due upon the contract, then there is no fund against which the order can be charged. The defendant in this case had a right to prove that the drawer of the order had failed to perform his agreement, and that nothing had become due to him under the contract.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.