(50 App. Div. 570.)

## LAWRENCE v. DAWSON et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. MECHANICS' LIENS — PAYMENT BY OWNER TO MATERIAL MEN — GUARANTY — FILING.

Under Laws 1897, c. 418, § 15, providing that no assignment of a contract for material for the improvement of real property, or of the money or any part thereof, due or to become due therefor, shall be valid, as against mechanic's lien claimants against the funds to be paid therefor by the owner or contractor, until a copy of such assignment is filed in the office of the county clerk, a payment made by a contractor with a municipal corporation, to one who furnished materials to a subcontractor, under a guaranty made prior thereto, which payment was made prior to the filing of any claims for liens, is a valid payment, as against lien claimants, though the guaranty was not filed in the office of the county clerk.

2. SAME.

Under Laws 1897, c. 418, § 7, providing that any payments made by the owner to a contractor, on a contract for the improvement of real prop-

erty, made prior to the time when, by the terms of the contract under which it accrued, it became due and payable, for the purpose of avoiding the provisions of the chapter in regard to mechanics' liens, shall be of no effect as against the lien claimants, payment by a contractor who, prior to the passage of such law, gave a material man a written guaranty of payment for material furnished to a subcontractor, though made prior to the time when, by the terms of the contract, the same would be payable to the subcontractor, is a valid payment, since the claimant's rights under the statute are subject to equities existing in favor of other parties at the time of its passage.

Appeal from special term, Westchester county.

Action by James V. Lawrence, as surviving partner of the firm of Lawrence Bros., against John Dawson and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Ralph Earl Prime, Jr., for appellant.
Frank M. Tichenor, for respondents.

WOODWARD, J. This case has been before this court on a previous occasion, but in such a different aspect that there is little relation to the present situation. The controversy grows out of the construction of a school house in the city of Mt. Vernon. Dawson & Archer were the contractors with the municipality for the erection of the building. They entered into a subcontract with one John Burden, under which he agreed to furnish all the materials required for the carpenter work, and to perform the carpenter work required by the terms of the principal contract. The plaintiff sold and furnished building materials to Burden in such quantity that on September 10, 1897, about $2,500 or $2,700 was due to him for such materials. On the previous trial of this action the learned court found that, in order to enforce his claim for this amount, the plaintiff at that time contemplated filing a mechanic's lien against the school property; but, at an interview between his agent and Burden and the defendant Dawson, Burden and Dawson stated to plaintiff's agent, as was a fact, that the terms of Burden's subcontract provided for and required the retention by Dawson & Archer of 15 per cent. of the value of all work done under said subcontract, until final payment and completion, "and that said money had been and would be retained, and said provisions and terms of said contract as to payment kept and observed, by the defendants, Dawson & Archer." Relying upon these representations, the plaintiff refrained for the time being from filing any lien. On the very day of the interview, however, Dawson & Archer paid out $3,000 to material men (Hartman Bros.), between whom and Dawson & Archer there appears to have been no relation except such as grew out of the fact that Hartman Bros. had supplied material to Burden which he put into the school building. Dawson & Archer also subsequently paid to Burden $2,274.30 in advance of the terms of their subcontract with him; that amount representing the 15 per cent. already mentioned, not being payable under the terms of the contract before January 1, 1898. After these payments had been made, and on October 28,

1897, when a balance of $1,825.92 remained due from Burden to the plaintiff, the plaintiff duly filed his lien.

We have adopted substantially the language of this court on the previous appeal in stating the case (Lawrence v. Dawson, 34 App. Div. 211, 54 N. Y. Supp. 647), and in commenting the court say that "notwithstanding the plaintiff's reliance thereon, which led him to withhold the filing of his lien for more than six weeks, the learned trial judge holds that the facts and circumstances are not sufficient to justify a finding that the advance payment of the fifteen per cent. to the subcontractor was made for the purpose of avoiding the provisions of the mechanic's lien law, and he does find in fact that such payment was not so made, but was made in good faith." This the court held not warranted by the evidence.

On the subsequent trial of this action, the learned trial court found as a fact that "no representations as to the retention of the 15 per cent. were made by Mr. Dawson, as alleged in the complaint," and that "none of the payments complained of were fraudulent, illegal, collusive, or in violation of the statute." These facts, sustained, as we believe, by the weight of evidence, place the case in a very different light from that presented on the former appeal. It appears from the evidence that Dawson & Archer, with the knowledge and consent of Burden, gave Hartman Bros. a written guaranty for the amount of their claim against Burden for materials furnished for the construction of the school house, and that at the time Burden told plaintiff's agent, on September 10, 1897, that he had no claim upon Dawson & Archer for more cash than $1,000 at that time, the said Dawson & Archer were legally bound to pay, on behalf of Burden, the $3,000, which was, in fact, paid on that day to Hartman Bros. It is urged, however, on the part of the plaintiff, that the guaranty given by Dawson & Archer to Hartman Bros. was void and ineffectual, as against plaintiff's lien, because not filed in the county clerk's office, as required by the lien law. Assuming that the law of 1897 applied to this case, we are of the opinion that, the amount of Hartman Bros.' claim having actually been paid before any attempt was made on the part of the plaintiff to file his lien, it constituted a valid payment upon the contract, and relieved Dawson & Archer of liability to that extent. "If the owner, at the request of the original contractor, prior to an attempt to create liens by any one, assumes a legal obligation to pay subcontractors or material men for labor or material used in the erection of a building, it constitutes a valid payment upon the contract to the extent of such obligation." Gibson v. Lenane, 94 N. Y. 183, 187, citing Garrison v. Mooney, 9 Daly, 218. The only effect of section 15 of chapter 418 of the Laws of 1897 is to require the filing of the evidences of such legal obligations to pay where the payments are to be subsequently made; it does not require the filing of such evidence where the payment is made at the request of the contractor before the filing of notice of lien, and where the payment is for materials actually furnished the contractor. It is understood in the present case that the contractor stands in the position of the owner, and the subcontractor in the relation of the contractor; and it is well settled that dealings in

good faith between the owner of a building and a contractor for its construction, before the filing of a notice of lien, are protected. This is a recognition of the rule, frequently declared, that the owner is protected in respect to payments to the contractor made bona fide, before the filing of notice of lien, and this although the notice was filed within the statutory time, and an obligation assumed by the owner to pay a third person is regarded as equivalent to payment to the extent of the obligation. McCorkle v. Herrman, 117 N. Y. 297, 304, 22 N. E. 948. The guaranty of Dawson & Archer to Hartman Bros. is dated July 16, 1897, while the lien law of 1897 did not go into effect until September, 1897; and, as there was no law at the time of making the guaranty which interfered with the rule as laid down by the courts, the defendants Dawson & Archer were at liberty to pay to Hartman Bros. the amount due at the time of making such payment, and prior to the filing of plaintiff's lien.

It is urged, however, that the lien law of 1897 is a re-enactment of the provisions of chapter 915 of the Laws of 1896, in so far as it relates to the question now under consideration, and that this law was in effect at the time of making the guaranty, and that it must control. The act of 1896, relied upon by the plaintiff, was an amendment to the general lien law of 1885 (chapter 342, § 5), which applied only to liens for the improvement of private property, while the act which governed in respect to public improvements at the time this guaranty was given was chapter 315 of the Laws of 1878. The act of 1897 undertook to consolidate these statutes, but it cannot be made to relate back and cover the case now under consideration, for the payments to Hartman Bros. were made under the provisions of a guaranty which was entirely lawful at the time it was made; and, as the trial court has found as a matter of fact that the defendant Dawson did not make the representations to plaintiff's agent alleged in the complaint, it is difficult to understand how the plaintiff has any rights under his lien, other than those which existed at the time of filing the same. As was said in Payne v. Wilson, 74 N. Y. 348:

"He acquires a specific lien when he files his notice, but up to that time he is a general creditor, with no greater equities than other general creditors. Hence he is affected by all equities existing in favor of those dealing with his debtor; and, when he acquires his specific lien against the debtor, it attaches to no more than the estate and interest of the debtor as it then exists, which is no more than is left to the debtor after the satisfaction of those equities."

The questions involved being controlled by the law as it existed at the time the contract was made and the guaranty was given, and there being no evidence to warrant the conclusion that any of the payments were made in fraud of the rights of the plaintiff, we are of opinion that the case was properly disposed of by the court below, and that the judgment should be affirmed.

The judgment appealed from should be affirmed, with costs. All concur.