HARVEY v. BREWER et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. MECHANICS' LIENS—STATUTES—ORDER ON OWNER—FILING OF ORDER—VALID-
ITY.
    Laws 1897, p. 514, c. 418, § 15, provides that no order by a contractor
on the owner for money shall be valid unless the contract or copy of the
order, etc., be filed. A contractor gave a materialman an order on the
owner, requesting him to pay the materialman a certain sum when the
last payment should be due on the building. The owner accepted the
order, as did also the materialman, and the lien which had been filed
by the materialman was discharged. At the time of this transaction there
were no other liens filed. *Held*, that the order, not being conditional, and
having been accepted as payment, was good as against subsequent liens.

2. SAME—MECHANIC'S LIEN—FORECLOSURE—COSTS.
    Code Civ. Proc. § 3411, provides that costs in mechanics' lien suits rest
in the discretion of the court, and may be awarded to the prevailing
party. *Held*, that where, in a suit to foreclose a mechanic's lien, plaintiff
had judgment, but the only issues litigated were between the owner and
one other than plaintiff, and they were found in favor of the owner, it
was proper to award costs in favor of the owner, and against the party
with whom he litigated such issues.

Appeal from Judgment on Report of Referee.

Action by William E. Harvey against George E. Brewer and oth-
ers. From a judgment in favor of plaintiff, defendant Garret L.
Hardy and others appeal. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG,
JENKS, and HOOKER, JJ.

William B. Hurd, Jr., for appellants.
William B. Anderson, for respondent George E. Brewer.

WILLARD BARTLETT, J.    In the year 1900 the respondent Dr.
George E. Brewer employed Henry T. Conklin to build a house for
him in Southampton, Long Island, for $8,025. The appellants, Har-
dy, Voorhees & Co., were subcontractors for the painting. In
May and June, 1901, seven valid mechanics' liens against the property
were duly filed; the first being that of the plaintiff, for $352.71, and
the sixth being that of the appellants, Hardy, Voorhees & Co., for
$1,160. The referee before whom this suit to foreclose the plaintiff's
lien was tried has found that there remained unpaid in the owner's
hands at the time the liens attached only $911 of the amount pay-
able to Mr. Conklin under the contract. This was not sufficient
to give Hardy, Voorhees & Co. anything under their lien. They
have now appealed, and their appeal is based on the proposition that
the referee should have found, under the evidence, that the owner
had $1,584 in his hands, instead of $911. The learned referee reached
this result by giving effect to a written order upon the owner, the
validity of which is the only question presented by this appeal.

Before the filing of any of the liens already mentioned, the Van
Brunt Plumbing Company had done work upon the house for the
contractor, and had furnished materials to him, for which a balance
of $673 remained unpaid in March, 1901. The company filed a lien

for this balance, whereupon the contractor gave to the company an order upon the owner in these words:

"Southampton, N. Y., March 25, 1901.

"Dr. George E. Brewer:

"$673.  Dear Sir—When last payment on your house is due and you receive certificate for same, please pay Van Brunt Plumbing Co. the sum of six hundred and seventy-three dollars and deduct same from my payment.

"Resp. yours,                                    H. T. Conklin."

In reference to this communication the owner wrote to the Van Brunt Plumbing Company as follows:

"April 3, 1901.

"Van Brunt Plumbing Co.—Sirs:  On completion of the job by Mr. Conklin to the satisfaction of Mr. Snelling, I will honor the order of Mr. Conklin and turn the sum mentioned over to you, deducting it from his last payment.

"G. E. Brewer."

Upon the receipt of this letter the agent of the Van Brunt Plumbing Company indorsed upon the back of the order the following:

"Accepted April 3, 1901.  Van Brunt Plumbing Co., per Ryder."

He testified that he subsequently caused the company's lien to be discharged of record in consideration of the acceptance of the order by the owner.  Dr. Brewer, however, did not actually pay the $673 to the company until June 19, 1901, subsequent to the filing of the appellants' lien.

The referee found that by the acceptance of the Conklin order of March 25, 1901, Dr. Brewer assumed a new obligation to the Van Brunt Plumbing Company, a third party, and that "the assumption of such new obligation was, in reference to the Conklin contract, equivalent to payment to the extent of the obligation."  On the other hand, the learned counsel for the appellants contends that, although such an order as that given by the contractor upon the owner herein would formerly have been held good (Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229), it is now a nullity, because it was never filed under section 15 of chapter 418, p. 514, of the Laws of 1897, which provides as follows:

"No assignment of a contract for the performance of labor or the furnishing of materials for the improvement of real property, or of the money or any part thereof due or to become due therefor; nor an order drawn by a contractor or a sub-contractor upon the owner of such real property, for the payment of such money, shall be valid under the contract, or a statement containing the substance thereof and such assignment, or a copy of each, or a copy of such order, be filed in the office of the county clerk of the county wherein the real property improved, or to be improved, is situated, and such contract, assignment or order shall have effect and be enforceable from the time of such filing."

The effect of this enactment was considered by this court in Lawrence v. Dawson, 50 App. Div. 570, 64 N. Y. Supp. 185, affirmed in 167 N. Y. 609, 60 N. E. 1115, where Woodward, J., said:

"The only effect of section 15 of chapter 418 of the Laws of 1897 is to require the filing of the evidences of such legal obligations to pay, where the payments are to be subsequently made.  It does not require the filing of such evidence where the payment is made at the request of the contractor before the filing of notice of lien, and where the payment is for materials actually furnished the contractor. * * * This is a recognition of the rule

frequently declared that the owner is protected in respect to payments to the contractor made bona fide before the filing of notice of lien, and this although the notice was filed within the statutory time, and an obligation assumed by the owner to pay a third person is regarded as equivalent to payment to the extent of the obligation." Citing McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948.

The statement of that portion of the rule contained in the clause last quoted must be further qualified by the requirement that the obligation, in order to be deemed equivalent to payment, must be an absolute and unconditional obligation to pay. Gibson v. Lenane, 94 N. Y. 183, 188. "It is entirely immaterial," says Ruger, C. J., in the case cited, "when such obligation becomes payable, provided the owner, or any one in his behalf, has become unconditionally bound to pay it, and it has been accepted as a payment by the several parties interested therein."

Applying this doctrine to the order and acceptance in the present case, I think we have here on the part of the owner an absolute obligation to pay the Van Brunt Plumbing Company $673, which obligation was accepted by that company as payment. The company's acceptance thereof as payment is evidenced not only by the indorsement which its agent made upon the order after the receipt of Dr. Brewer's promise, but by the withdrawal of the lien which it had previously filed. The promise of Dr. Brewer to pay was not conditional, but it merely fixed as the time for payment the time when the contractor would himself be entitled to receive the last moneys payable under his contract. In my opinion, a fair view of the import and effect of the instruments which passed between the parties to this transaction sustains the conclusions of the referee, and the judgment entered upon his report should be affirmed.

Section 3411 of the Code of Civil Procedure provides that costs in mechanics' lien suits rest in the discretion of the court, and may be awarded to the prevailing party. In the court below, costs were awarded against the appellants in favor of the owner; and objection is made to this feature of the judgment on the ground that he was not the prevailing party, but that the plaintiff (the first lienor) prevailed. The only issues which appear to have been litigated, however, were those between the owner and these appellants; and as to such issues, and as between these parties, the owner is certainly the prevailing party.

Judgment of County Court of Suffolk county affirmed, with costs. All concur.