HANNAY et al. v. GUARANTY TRUST CO. OF NEW YORK.

(Circuit Court, S. D. New York. May 23, 1911.)

1. BILLS AND NOTES (§ 132*)—RECITALS AFFECTING CHARACTER OF INSTRUMENT
    —CONDITIONAL DRAFT.

    A draft containing the provision, "Charge the same to the account of
    R. S. M. I. 100 bales of cotton," with what purports to be a bill of lading
    for the cotton attached, is drawn against the cotton, and is conditional.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 316–324;
    Dec. Dig. § 132.*]

2. BILLS AND NOTES (§ 82*)—CONDITIONAL DRAFT—"GENERAL ACCEPTANCE."

    A "general acceptance" of a draft is an agreement to pay according to
    the tenor of the bill, and if the draft is conditional the acceptance binds
    the acceptor to pay according to the conditions, and not otherwise.

    [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 82.*
    For other definitions, see Words and Phrases, vol. 4, p. 3048.]

3. CARRIERS (§ 58*)—DRAFT BASED ON FORGED BILL OF LADING—RECOVERY OF
    PAYMENT BY ACCEPTOR.

    Dealers in Alabama contracted to sell 100 bales of cotton to plaintiffs,
    in Liverpool, and made a draft on plaintiffs' bank and authorized agent
    in Liverpool, payable to their order, "value received, and charge the same
    to R. S. M. I. 100 bales of cotton;" what purported to be a bill of lading
    for such cotton being attached. The draft and accompanying papers were
    indorsed to defendant bank, and were by it presented to and accepted
    generally, and paid by plaintiffs' bank, acting in the belief, as did de-
    fendant, that the bill of lading was genuine. It was in fact a forgery,
    and no cotton was shipped. Neither plaintiffs nor their bank relied on
    the credit of the drawers, but on the bill of lading. *Held,* that the ac-
    ceptance and payment of the draft was conditional on the genuineness of
    the bill of lading, and that plaintiffs were entitled to recover the amount
    from defendant as having been paid by mistake.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 179–190; Dec
    Dig. § 58.*]

At Law.    Action by Anthony S. Hannay and others against the
Guaranty Trust Company of New York.    On demurrer to complaint.
Demurrer overruled.

The allegations of the complaint may be thus summarized: The plaintiffs
carry on business in Liverpool, England. The defendant is a New York bank-
ing corporation. Knight, Yancey & Co. was a firm which formerly carried on
business in buying and selling cotton in Alabama. On February 1, 1910,
Knight, Yancey & Co. agreed to sell 100 bales of cotton to the plaintiffs, and
on February 10th they drew on the Bank of Liverpool—the plaintiffs' agent
for the purpose—for the purchase price of such cotton by draft, a copy of
which is printed in the footnote.[1] The letters appearing on the draft purport
to identify the cotton sold. Knight, Yancey & Co. attached to the draft an
instrument purporting to be a bill of lading of the cotton sold and referred
to in the draft, and indorsed and delivered the draft and accompanying pa-
pers to the defendant. The defendant thereupon presented the draft to the

2/1 Grade F. M. T.                                    1 February 10, 1910.
    Sixty days after sight of this first of exchange (second unpaid) pay to the order of our-
selves fourteen hundred and sixty-four pounds and nine shillings, value received, and
charge the same to account of R S M I 100 bales of cotton. To Bank of Liverpool, Ltd.,
        Liverpool, England,                              Knight, Yancey & Co.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bank of Liverpool, which accepted and subsequently paid it. The Bank of Liverpool, in accepting and paying the draft, believed—as did the plaintiffs—that the purported bill of lading was a valid instrument, and that the cotton described therein had been shipped, and would be delivered upon its presentation. Neither the bank nor the plaintiffs relied in any way upon the general credit of Knight, Yancey & Co. The instrument purporting to be a bill of lading was in fact spurious, and no such cotton as was described therein and in the draft was ever in existence. Upon discovering the fraudulent character of the bill of lading, the plaintiffs demanded of the defendant the amount paid by their agent upon the draft.

The defendant demurs, upon the ground that the complaint upon its face fails to state facts sufficient to constitute a cause of action.

Harrington, Bigham & Englar, for plaintiffs.
Stetson, Jennings & Russell, for defendant.

NOYES, Circuit Judge (after stating the facts as above). There is no contention that the defendant in presenting the draft had knowledge of the spurious nature of the bill of lading, and the question presented is: Upon which of the two innocent parties, the plaintiffs or the defendant, should the loss fall? It is further conceded that if the draft in question had been a plain draft—i. e., if it had contained no reference to the cotton which the spurious bill of lading purported to represent—the plaintiffs could not recover. This concession is clearly required by the decisions of the Supreme Court in Hoffman v. Bank of Milwaukee, 12 Wall. 181, 20 L. Ed. 366, and Goetz v. Bank of Kansas City, 119 U. S. 551, 7 Sup. Ct. 318, 30 L. Ed. 515.

On the other hand, it is, in my opinion, settled so far as this court is concerned by the decision of the Circuit Court of Appeals in Guaranty Trust Co. v. Grotrian, 114 Fed. 433, 52 C. C. A. 235, 57 L. R. A. 689, that although the parties were equally innocent, yet if the draft were not a plain draft, but were a conditional one, and were accepted conditionally, a cause of action for money paid by mistake would be presented. The only substantial distinction between the facts in the two cases is that the acceptance in the Grotrian Case was conditional in express terms, while the acceptance in this case was general. In all other respects the rights and equities of acceptor against presenter are quite as strong here as in the Grotrian Case. Consequently the material questions to be determined are these:

(1) Was the draft conditional?

(2) Was the acceptance conditional?

[1] Now, as we have seen, the draft contained the following provision:

"Charge the same to the account of R S M I 100 bales of cotton."

With respect to almost the identical language in a draft the Supreme Court, in National Bank v. Merchants' Bank, 91 U. S. 92, 94, 23 L. Ed. 208, said:

"Moreover * * * the drafts upon their face showed that they had been drawn upon the cotton covered by the bills of lading. Both the plaintiffs and their agents, the defendants, were thus informed that the bills were not drawn upon any funds of the drawers in the hands of Green & Travis, and that they were expected to be paid out of the proceeds of the cotton."

And in the Grotrian Case, the Circuit Court of Appeals said in respect of a similar provision:

"The request to pay was conditional upon the delivery of the flax seed."

In view of these authorities, no other conclusion can be reached by this court than that the draft in question was conditional, and was drawn against the cotton.

[2] The next question is whether the acceptance was conditional. It was not so in express terms as in the Grotrian Case. But it is well settled by the authorities that a general acceptance is an agreement to pay according to the tenor of the bill. If the draft is conditional, the acceptance is upon the same conditions.

"If the acceptance be a general acceptance of a conditional order, it binds the acceptor to pay according to the conditions, and not otherwise." 7 Cyc. 757, citing numerous authorities.

[3] It follows, then, that the draft was in terms conditional, and that the acceptance based thereon was in law conditional. The decision in the Grotrian Case seems applicable and controlling.

But it is pointed out, and it is true, that especial stress is laid in the Grotrian opinion upon the fact that there the acceptance was expressly made conditional. The court, however, in stating the position of the plaintiffs in that case said that they relied "on the direction in the draft to charge the amount to the account of the flax seed, and the acceptance against indorsed bills of lading." The court further said, as already shown, that "the request to pay was conditional upon the delivery of the flax seed." In view of this language, I deem it my duty to assume that the court based its decision upon two grounds: (1) The conditional nature of the draft, from which the conditional character of a general acceptance would follow as a matter of law; (2) the express conditions in the acceptance. Notwithstanding some expressions in the opinion, I cannot conclude that the court intended to draw a distinction between the rights of an acceptor who accepts and pays a conditional draft without repeating in the acceptance the conditions of the draft and one who goes through that formality.

The draft being conditional, and the rights between presenter and acceptor being as already stated, it is unnecessary to consider whether under any circumstances or with respect to any other persons it could be regarded as a negotiable instrument.

The demurrer is overruled, with costs, but with the privilege to answer over, upon the payment of costs, within 20 days.