THE PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Plaintiff, *v.* GARCIA SUGARS CORPORATION and THE NATIONAL SUGAR REFINING COMPANY, Defendants.

THE PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Plaintiff, *v.* THE AMERICAN SUGAR REFINING COMPANY, Defendant.

Supreme Court, Trial Term, New York County, November 30, 1939.

*Moses & Singer* [*S. L. Cohen* of counsel], for the plaintiff.

*Blake & Voorhees* [*S. B. Stewart* of counsel], for the defendants in the first action.

*H. B. Carpenter* [*G. E. Diethelm* of counsel], for the defendant in the second action.

LEARY, J. The two actions were on consent of all parties consolidated and tried by the court without a jury.

It appears the Garcia Sugars Corporation, a dealer in raw sugar, entered into a contract with each of the defendants, sugar refiners, for the sale of over 14,500 bags of sugar in each instance, represented by the seller to be in a warehouse in New York. In each instance the purchaser received a trade acceptance accompanied by a warehouse receipt and in each instance the trade acceptance was marked " accepted." The contracts in each case provided for the delivery of the sugar before the due date of the documents in suit.

The fact was that the sugar was not in the warehouse or elsewhere so far as the proof shows, that the warehouse receipts were fraudulent, that the purchasers had been induced by fraud to put their signatures to the contracts and to the instruments in suit. Since the discovery of the fraud the Garcia Sugars Corporation has been adjudicated a bankrupt. The defendants never received the sugar.

Before the discovery of the fraud the Garcia Corporation discounted the instruments with the plaintiff bank and used the proceeds to pay pressing creditors. Any decision in this case will cause a loss to either the plaintiff or the defendants of a substantial sum. The plaintiff is an innocent holder for value. The " drafts " in each instance were dishonored when presented and marked " payment stopped."

The facts present a single question of law. Are the instruments in suit negotiable?

Whether the instruments are negotiable depends upon the weight and significance to be given to the added typewritten words appearing on their face. In form, aside from the words in question, they are trade acceptances or drafts. If the added words " on account of 14,789 bags Cuban centrifugal sugar as per contract 4/25/39 " on one and on the other " 95% value of 14,600 bags Cuban centrifugal sugar as per contract 5/9/39 " follow " charge the same to account of " render the payment unconditional, they are negotiable. If these words limit the order to pay, the payment then is not unconditional and the instruments are not negotiable.

Section 22 of the Negotiable Instruments Law provides that the promise is unconditional though coupled with " an indication of a particular fund out of which reimbursement is to be made, or a particular account to be debited with the amount;" but it is not unconditional if it is an " order or promise to pay out of a particular fund."

This section is a codification of the common law and the law merchant. (*Hibbs* v. *Brown*, 190 N. Y. 167.) So, the older cases on the question are illuminating as well as those following the statute. Language of similar import has been interpreted both ways. It has been held that " charge the same to account of pig iron per S.S. *Quarnero* " did not prevent an instrument being a valid bill of exchange (*Amsinck* v. *Rogers*, 189 N. Y. 252); that " charge the amount against me and my mother's estate " was unconditional (*Schmittler* v. *Simon*, 101 N. Y. 554); that " charge same to account of Mound City Produce Co." was merely an indication of a fund out of which reimbursement was to be made (*Waddell* v. *Hanover National Bank*, 40 Misc. 578); that " charge to Bedford Road assessment, etc." was a mere direction (*Kelley* v. *Mayor*, 4 Hill, 263).

On the other hand, it has been held that " on account of 24 bales cotton shipped to you, as per bill of lading, by steamer *Colorado*, inclosed to you in letter " was a draft on a particular fund (*Lowery* v. *Steward*, 25 N. Y. 239); that " and charge the same to my account of grading and paving Lexington Avenue, between Patchen and Broadway, as per contract " rendered the payment conditional (*Ehrichs* v. *De Mill*, 75 N. Y. 370, distinguished in *Hibbs* v. *Brown*, 190 id. 167, 183); that " and charge the same to account of R S M I 100 bales of cotton " rendered the instrument non-negotiable (*Hannay* v. *Guaranty Trust Co.*, 187 Fed. 686, cited with approval in *Springs* v. *Hanover Nat. Bank*, 209 N. Y. 224, 239); that " charge the same to account of 8,417.50 bush. flax seed " was conditional (*Guaranty Trust Co.* v. *Crotrian*, 114 Fed. 433). This case was also cited with approval in *Springs* v. *Hanover Nat. Bank* (209 N. Y. 239), but it might be well in passing to note that the acceptance was also conditional and the decision went on that ground as well; that " and charge the same to my account on heating contract at 64 West 99th Street " rendered the instrument non-negotiable (*American Boiler Co.* v. *Fontham*, 34 App. Div. 294, cited with approval in *Fulton* v. *Varney*, 117 id. 572).

In the instant case the added words stated in the instruments are mere references to the sugar contracts and to the source from which the drawee may expect to reimburse itself. It is mere descriptive language and does not affect its negotiability. An interesting and illuminating discussion of this subject is to be found in 32 Harvard Law Review, 560. In that article it is pointed out (at p. 565) that reference to the added words " indicates that the draft is drawn to carry out a cotton (sugar) transaction and is not a finance or accommodation draft. The principal case reaches a sound mercantile result in holding that this very frequent reference

to the goods in bills of exchange does not render them conditional or non-negotiable, and alters in no way the general principle that after acceptance or payment the loss from forgery (fraud) or other defects in the collateral falls on the drawee or buyer."

It seems that the language in the instruments at bar is not a limitation of payment and does not render them conditional.

Judgment is accordingly given to the plaintiff for the relief demanded in the complaints. Submit judgments.