## HOWARD S. JONES, RESPONDENT, *v.* ROBERT L. MOORES AND ANOTHER, APPELLANTS.

*Mechanic's lien — acceptance of a note for labor and materials.*

The acceptance from the owner of a building of his promissory note for labor and material does not deprive the material-man and mechanic of his lien, where the debt becomes due and the lien is filed within the ninety days given by the statute.

APPEAL by the defendants, Robert L. Moores and Charles A. Le Quesne, from a judgment of the Supreme Court, entered in the office of the clerk of Kings county on the 7th day of September, 1892, on a decision at Special Term in favor of the plaintiff, in an action to foreclose a mechanic's lien for $625, and from an order denying a motion for a new trial.

*George F. Alexander*, for the appellants.

*Salter S. Clark*, for the respondent.

BARNARD, P. J.:

The plaintiff agreed with the defendants to furnish embossed, cut and ground glass to be set and furnished in the defendants' houses. By the terms of the agreement, when the work and materials were properly set and furnished, the defendants were to give their promissory note for the same three months from the date thereof. On the 20th of January, 1891, the work was completed to the satisfaction of defendants, and was accepted by them. On the 12th of

January, 1891, the defendants gave the plaintiff a note for $500 at three months from date, and on the 21st of January, 1891, they gave the plaintiff another note for $125, being for the balance due on the contract. Both notes were protested. On the 17th day of April, 1891, the plaintiff filed a lien on the premises. The only question presented is whether the giving and acceptance of the notes by the terms of the contract destroyed the lien. It was held by the Court of Appeals in *Happy* v. *Mosher* (48 N. Y., 313), that the taking of notes of a third person did not affect the lien, except to defer its enforcement. It was held by the same court in the case of *Mott* v. *Lansing* (57 N. Y., 112), that work done upon a vessel upon the personal credit of the owner, does not affect the right to a lien. That a lienor might give credit, provided the lien was filed within the statute time. Both these cases were approved in *King* v. *Greenway* (71 N. Y., 413). In this case the lien was filed within the ninety days given by statute, and the debt became due within that time.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.