### WOOLF et al. v. SCHAEFER et al.

(Supreme Court, Appellate Division, First Department. April 20, 1905.)

1. MECHANICS' LIENS—NONCOMPLIANCE WITH CONTRACT.
   Contractors to furnish shingles, which are to be paid for when the house on which they are to be used is "fully inclosed and roofed," did not acquire a lien, and are not entitled to recover for the shingles delivered, where they failed to furnish shingles for the roof of the house, which, in consequence, was not fully inclosed and roofed.

2. DAMAGES—MATERIALMAN'S CONTRACT—FAILURE TO FURNISH MATERIAL.
   The measure of the owner's damages for the failure of a materialman to furnish material is the difference between the contract price of the material, and the market price at which it could have been obtained at the time and place of delivery, and not the loss of rental value of, and deterioration to, the building, resulting from delay in its completion.

3. MECHANIC'S LIENS—NOTICE—CLAIMS FOR LABOR AND MATERIAL—NECESSITY OF SEPARATE STATEMENT.
   A notice of lien embracing both labor and material need not state separately the amount of the claim for labor and the amount of the claim for material, where the material and labor for which the claim is made have been furnished and performed, but the statute only requires the amount claimed for labor and material performed and furnished to be stated separately from the claim for labor and material to be performed and furnished.

   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 234.]

4. SAME—NOTICE OF LIEN—SEPARATE LOTS.
   A notice of mechanic's lien may be filed against an entire tract, embracing different lots, where there is no separate contract for furnishing material to be used on the different lots, and it is not shown that the

owner holds title to the lots by virtue of separate conveyances or descriptions, or that they do not in fact constitute but a single parcel.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 317.]

**5. SAME—WAIVER OF LIEN—EXTENSION OF CREDIT—RIGHT TO PERSONAL JUDGMENT.**

A materialman may recover a personal judgment against the owner after the expiration of a period of credit extended by him to the owner, though it be conceded that by the extension of credit he waived his lien.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, §§ 575, 628–635.]

**6. SAME.**

The extension of credit by a materialman, and the acceptance of a note from the owner, do not constitute a waiver of his right to a lien, where the credit period expires and the note matures before the expiration of the time within which a lien may be filed.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 389.]

**7. SAME—LABOR TO BE PERFORMED—SUFFICIENCY OF STATEMENT.**

A notice of lien for labor performed and to be performed, and for material furnished and to be furnished, to cover roofs of houses in process of erection, at the agreed price of $940, and specifying that labor and material of the value of $500 had been performed and furnished, and that the amount unpaid was the contract price of $940, sufficiently shows the value of the labor and material remaining to be performed and furnished.

**8. SAME—PARTIAL PERFORMANCE—EXCUSE FOR NONPERFORMANCE—BREACH BY OWNER.**

Where a building contract provided for the making of payments "as work progresses," the refusal of the owner to comply with a demand for partial payment made after substantially one-half of the labor and materials had been performed and furnished was a breach of the contract which excused the contractor from proceeding further with the work, and authorized a recovery and the enforcement of a lien by him for the value of the material furnished and the work performed, without the completion of the balance of the work.

**9. SAME—COSTS.**

Where the different claimants in a suit to enforce a mechanic's lien fail to sustain their liens or to recover personal judgments, costs may be awarded against all of them; but the owner is entitled to but one bill of costs, and not a separate bill against each unsuccessful claimant.

Appeal from Special Term, New York County.

Action by James A. Woolf and another against Bertha L. Schaefer and others. From the judgment rendered (85 N. Y. Supp. 205), plaintiffs and certain defendants separately appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. C. Julius Langborn, for plaintiff appellants.
Jacob Manheim, for appellant Hookey.
John R. Halsey, for appellant Furlong.
Henry M. Haviland, for respondent Schaefer.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien. The plaintiff appellants were partners, and on the 15th day of December, 1901, they made two contracts in writing with the respondent Schaefer, by one of which they agreed to furnish a speci-

fied quantity of shingles for the construction of a single family house for the sum of $632.27, payable as follows: "$316 when fully inclosed and roofed," and $316.27 "when all is delivered and house finished"; and by the other they agreed to furnish a specified quantity of lumber for the construction of a double family house. The respondent Schaefer at the time owned a tract of land on the easterly side of Cottage Grove avenue, having a frontage of about 111 feet on the avenue, and extending in depth on one line about 150 feet and on the other about 140 feet; the side lines approaching to such an extent at the rear that the parcel is described as triangular, rather than a parallelogram. This parcel of land appears to have been subdivided on paper at least into three lots, known as Nos. 317, 318, and 319. The contracts were separate, and the premises upon which the material was to be used is not designated therein; but it appears from the evidence that the single house was constructed on lot No. 318, and that the owner commenced the construction of the double house on lot 319. The plaintiffs performed no labor upon any lot, and furnished no material upon the second contract, relating to the construction of a double family house. They, however, delivered all of the material embraced in the contract for the single family house, with the exception of the shingles for the mansard roof, which were of the value of $191.95. The single house was sided and roofed, with the exception of the mansard roof for which the shingles were required. The plaintiffs sought to excuse their failure to deliver the shingles upon the ground that this was prevented by delay in the transportation thereof from Michigan. The fair inference from the evidence is that the house was not "fully inclosed and roofed," owing to the omission of the shingles from the mansard roof. The plaintiffs therefore did not acquire a valid lien, and were not entitled to recover for the materials delivered, for they neither completed their contract, nor had the time for payment of the first installment arrived. The owner, however, has been awarded a judgment on a counterclaim for $2,000 against the plaintiffs for loss of rental value of the house for a period of 19 months prior to the commencement of the action, and for deterioration claimed to have resulted from the failure of the plaintiffs to deliver the shingles. We are of opinion that the judgment on the counterclaim was unauthorized. The plaintiffs were not contractors for the construction of the house. Their contract merely required the delivery of part of the material to be used in the construction of the dwelling. It does not appear that the owner at the time the plaintiffs were guilty of a breach of their contract could not have obtained shingles elsewhere. The measure of damages which the owner was entitled to recover on account of the plaintiffs' breach of contract was the difference between the contract price of the shingles and the market price at which they could have been obtained at the time and place of delivery. There is no evidence of damages upon this theory, and therefore the judgment upon the counterclaim is erroneous, and must be reversed.

The appellant Hookey filed a lien on the 15th day of February, 1902, against the entire tract, describing the same as one parcel,

known, however, as Nos. 317, 318, and 319, on a diagram forming part of the lien. The preliminary statement in his notice of lien stated that he had and claimed a lien for the principal and interest "of the price and value of the labor hereinafter mentioned, upon the house, building and appurtenances, and upon the lot, premises and parcel of land upon which the same may stand or be intended to stand, hereinafter mentioned." The notice of lien further shows that he was employed by the owner to furnish materials, and that he did furnish materials, consisting of lime, brick, cement, and other building materials, of the agreed price of $472.43, and that the whole amount remained unpaid. The evidence showed that this appellant, pursuant to a contract with the owner, prior to the date of filing the lien, furnished building material for the single house on lot 318, and for the double house on lot 319, of the value as stated in the notice of lien. The validity of this lien is challenged upon the ground that it does not state separately the amount claimed for labor, the amount claimed for material, and the amount due and to grow due. Although the notice of lien, in its preliminary statement, embraces a claim for labor, it is manifest that no separate claim for labor, apart from the delivery of the material, was intended to be made. The notice of lien shows that all of the material for which the claim was made had been delivered. In such case, even though the lien embraced both labor and material, the statute does not require a separate statement of the value of each. It only requires that the amount claimed for labor and material performed and furnished shall be stated separately from the claim for labor and material to be performed and furnished. Clarke v. Heylman, 80 App. Div. 572, 80 N. Y. Supp. 794. The notice of lien therefore was proper in this regard, and does not fall within the condemnation of the rule which requires that the labor and material performed and furnished, and to be performed and furnished, shall be separately stated.

It is further contended that this notice of lien is invalid because it was filed against the entire tract, embracing the three lots. It does not appear that there was any separate contract for furnishing material to be used on the different lots, nor does it appear that the owner held title to the lots by virtue of separate conveyances or descriptions, or that they did not in fact constitute but a single parcel. In these circumstances, the law permits a lien to be filed against the entire tract. Hall v. Sheehan, 69 N. Y. 618.

It is claimed, however, that the appellant Hookey was not entitled to a lien, for the reason that he had taken a note for part of the claim, and agreed to a further extension of time of payment. It appears that he sold the material to the owner on a credit of 30 days from delivery; that the material was all delivered between the 20th day of November, 1901, and the 14th day of January, 1902, so that the purchase price had become due and payable, according to the original contract, before the lien was filed; that on the 20th day of January, 1902, he took a note from the owner for $457.38, the value of the material furnished prior to the 11th day of January, for 1 month, and agreed in writing to wait 30 days longer for one-

half the amount thereof, if the buildings were not inclosed when the note became due—the other half to be paid when "flooring and studding" was in, "or within 60 days from January 20th, 1902." The lien and claim of the appellant Hookey were dismissed, with costs to the owner. It is manifest that in any event this appellant was entitled to a personal judgment against the owner. It appears that the 30 days' credit had expired as to all of the material prior to the filing of the lien, so that the value of the material had become due and owing to the appellant Hookey; but it is claimed that because by accepting the note he extended the time of payment, and, by the agreement referred to, contracted for a further extension, he was deprived of the right to file a lien at that time. We are of opinion that this contention is not tenable. The note was not a payment of the indebtedness, but merely a promise to pay it. The extension granted and agreed to be given was to be only 60 days from January 20th, at the outside, and, as this would not be beyond the time within which the lien could be filed, the right to file the lien at any time within the statutory period was not waived. Jones v. Moores, 67 Hun, 109, 22 N. Y. Supp. 53, affirmed 142 N. Y. 661, 37 N. E. 569; Miller v. Moore, 1 E. D. Smith, 739; Althouse v. Warren, 2 E. D. Smith, 657. Since, by virtue of the contract under which the material was furnished, the value thereof had become due and owing, the mere extension of the time of payment did not deprive the appellant of the right to file the notice of lien.

The appellant Furlong on the 15th day of February, 1902, filed a lien against the premises, describing the same as a single tract, for labor performed and to be performed, and materials furnished and to be furnished, in covering the roofs of two houses "being erected upon said premises," at the agreed price and value of $940, and specified that labor and material of the value of $500 had been performed and furnished, and that the amount unpaid was the contract price of $940. It is contended that this notice of lien is invalid for the reason that it does not specifically state the value of the labor and material remaining to be performed and furnished. This criticism, however, is purely technical. The notice states the entire contract price, and that labor and material to the extent of $500 had been performed and furnished, and it is merely a mathematical calculation that labor and material of the value of $440 remained to be performed and furnished.

It is also contended that the lien is invalid because it does not state separately the value of the labor and material furnished. That, however, is not required by the statute. It is a sufficient compliance with the statute to state the value of the labor and material performed and furnished as one item, and the labor and material to be performed and furnished as another.

This appellant gave evidence tending to show that he furnished and performed upon the premises material and labor of the actual value of $490.80 in the erection of the building on lot No. 318, pursuant to a contract with the owner by letter in writing on the 1st day of November, 1900, which she accepted on the same day, "to cover the roofs of houses as per plan for $940. Payments to be

made as work progresses." The owner contends that this appellant, having failed to show entire performance of the contract, was neither entitled to a lien, nor to recover a personal judgment. It appears that after performing labor and delivering material to the extent and value of $450, according to the contract price, he demanded a partial payment on account, and that this demand was refused. We are of opinion that this was a breach of contract on the part of the owner which excused the appellant Furlong from proceeding further with the work. The contract was quite indefinite as to the amount to be paid as the work progressed, but it is manifest that the fair construction thereof required the owner to make some payment, reasonable in amount, when the work was substantially half completed. Omissions in the work do not, in these circumstances, preclude a recovery for the value of the material furnished and work performed. The contract with this appellant was entire as to the two houses. There appears to have been no separate agreement concerning labor and material to be performed and furnished on the separate lots. We are of opinion, therefore, that he had a right to treat the lots as a single parcel, as he did, and that his lien was valid, and should have been allowed. His lien and claim were also dismissed, with costs.

The owner has been awarded three separate bills of costs—one against the plaintiffs and one against each of the other appellants. If the appellants had failed to sustain their liens or their right to recover a personal judgment, costs might have been awarded against all of them; but only one bill of costs could be allowed to one party, and therefore in no event could this judgment for costs be sustained.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with separate bills of costs to the appellants appearing separately, to abide the event. All concur.