### LANDSBERG & CO. v. HEIN CONST. CO. et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. Mechanics' Liens (§ 45*)—Material Furnished—Material Applying on Contract.

Where lumber furnished by a materialman was of the same kind and quality as called for by the contract, it will be considered as having been delivered on the contract, though the sizes were smaller than covered by it.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 45.*]

2. Mechanics' Liens (§ 210*)—Waiver—Extension of Credit.

The right to a mechanic's lien is not waived by extension of credit, unless the time of payment is extended beyond that within which an action may be commenced to enforce the lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 384; Dec. Dig. § 210.*]

Appeal from Special Term, Kings County.

Action by Landsberg & Co. against the Hein Construction Company and others. From a judgment establishing a mechanic's lien against property of the defendant named, in favor of another defendant, certain defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, MILLER, JENKS, and THOMAS, JJ.

Samuel Silbiger, for appellants.

Frank M. Avery (Henry W. Eaton, on the brief), for respondent.

WOODWARD, J. The respondent, Buckley, Woodhull & Burns, a corporation, is a mechanic's lienor, having filed a notice of lien, prior to the lien of plaintiff, for a balance due for lumber and timber. This corporation was made a party defendant, answered, and set up its lien, and asked for a foreclosure thereof, and, in the alternative, for a personal judgment against the defendant Hein Construction Company, the owner of the real property and the purchaser of the lumber. The plaintiff and certain other defendants did not appear upon the trial, and the questions determined related to the respondent's lien against the premises of the defendant the Hein Construction Company and those claiming under such company.

In April, 1906, the Hein Construction Company was engaged in the construction of 27 houses on real estate owned by it, and the respondent Buckley, Woodhull & Burns made a written proposition for the furnishing of lumber and timber to be used in the work, the details of which are unnecessary to the determination of the questions presented upon this appeal. This proposition gave the prices of the materials to be furnished, and, as to some of these, the quantity was not mentioned, except that it apparently contemplated furnishing so much as was found necessary for the several houses. There is no dispute that the respondent furnished the materials mentioned in such proposition upon the order of the Hein Construction Company to an amount aggregating $10,868.05, and that there was paid on account of such deliveries the sum of $9,609.04, leaving a balance of $1,259.01,

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and for this amount the respondent's lien was filed on the 17th day of May, 1907. On the 18th day of March, 1907, the Hein Construction Company gave to the respondent its two promissory notes, indorsed by A. H. Hein, treasurer of the company, these notes being payable, respectively, on the 18th day of May, 1907, and the 28th day of May, 1907; but these notes were never in fact paid.

The principal question litigated, and the one which in our opinion must determine this appeal, is whether the last delivery of materials was made less than 90 days before the filing of the mechanic's lien, and this question has been determined by the court below in favor of the respondent. There is no dispute that deliveries were made from time to time under the provisions of the proposition submitted by the respondent, the first delivery having been made on the 24th day of April, 1906, and the evidence clearly justified the finding of the learned court below that there was a delivery of materials under such proposition as late as the 23d day of March, 1907; such materials having been receipted for by the superintendent of construction employed by the Hein Construction Company, and a portion of it being shown to have been actually used in the work then under way upon the houses mentioned in such proposition. It is true that in the receipt given for the materials received on the 23d day of March, 1907, the sizes are smaller than those mentioned in the proposition; but it is of yellow pine of the same quality therein mentioned, and at the same price, and it would be a refinement of reasoning, not justified in a tribunal which seeks to do justice, to hold that this latest delivery was not made, as had those which preceded it, in the fulfillment of the respondent's proposal. This being established, that the last delivery was made on the 23d day of March, 1907, the 90 days allowed by the statute in which a lien may be filed, did not expire until the 21st day of June, 1907, while the notes which had been given in payment of this claim were due and payable during the month of May, 1907, and, those notes never having been paid, could not operate as a waiver of the respondent's right to file his lien on the 17th day of May, 1907; for the law is well established that the right to acquire a mechanic's lien will not be waived by the extension of credit, unless the time of payment is extended beyond the time within which an action must be commenced to enforce the lien. Happy v. Mosher, 48 N. Y. 313, 319; Mott v. Lansing, 57 N. Y. 112, 115; Matter of Froment, 125 App. Div. 647, 649, 109 N. Y. Supp. 1073; P. I. Co. v. Hopatcong & Musconetcong, 127 N. Y. 206, 212, 27 N. E. 841; Woolf v. Schaefer, 103 App. Div. 567, 572, 93 N. Y. Supp. 184, and authorities there cited.

The judgment appealed from should be affirmed, with costs. All concur.