### FRIEDMAN et al. v. LOWENSTEIN et al.

(Supreme Court, Appellate Term. May 27, 1912.)

**1. MECHANICS' LIENS (§ 132\*)—NOTICE—TIME FOR FILING.**

Where a contract, under which a mechanic's lien was claimed, was completed on July 28th, and, although some work was done subsequently, no charge was made therefor, no lien was acquired by the filing of a notice on November 29th.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 190–207; Dec. Dig. § 132.\*]

**2. MECHANICS' LIENS (§ 211\*)—WAIVER—TAKING OF NOTE.**

The right to a mechanic's lien is not affected by the taking of a note by the lienor, even if indorsed by a third person, where the note does not extend the time of payment beyond the time in which an action to foreclose the lien may be commenced.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 387–392; Dec. Dig. § 211.\*]

**3. JUDGMENT (§ 614\*)—CAUSES BARRED—CAUSES OF ACTION ON INDEBTEDNESS AND ON SECURITY.**

Where a creditor took a note which he transferred to a third person, who obtained judgment thereon and afterwards assigned the judgment to the creditor, the creditor may sue on the original debt, notwithstanding the judgment on the note, although payment of the debt will discharge the debtor from liability on the judgment, a debt being discharged, not by a judgment, but by satisfaction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1126–1129; Dec. Dig. § 614.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Friedman and another against Rachael Lowenstein and another. From a judgment for defendants on a trial without a jury, plaintiffs appeal. Affirmed in part and reversed in part for new trial.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Samuel Kahan, of New York City, for appellants.

Godnick & Wilson, of New York City, for respondent Goldsmith.

PAGE, J. This action was brought to foreclose a mechanic's lien. The defendants, having moved to dismiss the complaint, rested without offering evidence. The justice, after taking the matter under advisement, gave judgment for the defendants.

[1] The work, so far as the contract was concerned, was completed on July 28, 1910. Some work appears to have been done subsequently, but for this no charge was made. The notice of lien was filed November 29, 1910. Plaintiffs therefore acquired no lien upon the premises, and the dismissal of the action as against Jennie Goldsmith, the present owner of the premises, against whom no demand for a personal judgment was made, was proper. The complaint demands judgment against Rachael Lowenstein.

[2] The learned judge in the Municipal Court appears to have adopted the view urged by defendants' counsel, that inasmuch as the contract called for the fourth payment to be made by the giving of a note to be indorsed by her husband to run four months, and two notes having been given, one for $300, payable in four months from its date (July 28, 1910), and the other for $155 dated September 21, 1910, that the plaintiffs were precluded from filing their lien. This would seem to be an erroneous view. The law seems to be well settled that the right to acquire a mechanic's lien will not be waived by the taking of a promissory note, even indorsed by a third person, unless the time of payment is thereby extended beyond the time within which an action must be commenced to enforce the lien. Landsberg & Co. v. Hein Construction Co., 135 App. Div. 819, 120 N. Y. Supp. 190; Jones v. Moore, 67 Hun, 109, 22 N. Y. Supp. 53.

But, as we have determined that the right to file the lien was lost by the elapse of time, this question ceases to be of determinative value. The complaint states a good cause of action for goods sold and delivered, and work, labor and services performed, as against the defendant Lowenstein.

[3] The note for $300 was transferred to third parties who brought suit and recovered judgment thereon. This judgment, however, has been assigned to plaintiffs, and they are now the owners and holders thereof, and have become reinvested with the title of the unpaid debt in such a manner that, if the makers of the note pay them the money, it will operate to discharge her from a liability to pay the same amount again upon the judgment. Teaz v. Chrystie, 2 E. D. Smith, 621, 632. The plaintiffs can pursue their remedies upon the note and upon the debt at the same time. Judgment in one action is not a bar to judgment in the other. The debt is not discharged by judgment, but by satisfaction. There may be several judgments, but only one satisfaction. We are of opinion that the court should have retained the case as against the defendant Lowenstein for the purpose of giving personal judgment against her.

Judgment reversed as to the defendant Lowenstein, and a new trial ordered, with costs to appellants to abide the event.

Judgment affirmed as to defendant Goldsmith, with costs. All concur.