REUNE R. RANDOLPH v. CHARLES FOSTER.

A percentage, by way of extra costs, upon the recovery in an action under the mechanics' lien law, cannot be allowed, where the damages, in default of the defendant to answer, have been assessed under a writ of inquiry.

Where no issue is joined upon the pleadings, a proceeding to determine the amount of the plaintiff's recovery is not a "trial," within § 308 of the Code. (a)

---

(a) The power to grant an extra allowance, where "a trial has been had," in an action "for the recovery of money," is abolished by the amendments to which this section of the Code was subjected, in the act of April 17, 1857. (Laws of 1857, vol. 2, chap. 723, p. 558.)—REP.

Randolph *v.* Foster.

The enforcement of a mechanic's lien, whatever may be its analogies, is not, within the scope of that section, "the foreclosure of a mortgage," nor a proceeding "to compel the determination of claims to real property."

SPECIAL TERM, MARCH, 1857.
Before DALY, J.

THE plaintiff, having furnished certain timber used in the construction of buildings owned by the defendant, effected a lien thereon, and served upon the defendant the usual notice to appear and account, accompanied by a bill of particulars of the amount claimed to be due. Upon the return of the notice, the parties appeared; and the usual order, directing the joining of issues and the service of the several pleadings allowed in ordinary actions, was entered by consent.

The complaint was duly served, but the defendant failed to answer. Upon proof of the regularity of the plaintiff's proceedings and of the default of the defendant in failing to answer, a writ of inquiry was issued to the sheriff, and the plaintiff's damages were assessed by a jury summoned by that officer.

Preparatory to entering judgment, the plaintiff now applied, under § 308 of the Code, before the amendments of April 17, 1857, for an allowance of a percentage upon the amount of the verdict, to be taxed with the ordinary costs of the action.

*Lawrence J. Goodall,* for the motion.

*Peter Van Antwerp* and *Thomas D. James,* opposed.

DALY, J.—This is a judgment by default against the owner. The plaintiff's damages have been assessed by a sheriff's jury, and preparatory to entering up judgment he asks for an extra allowance.

There is no authority for granting an extra allowance in such a case. The action is for the recovery of money, but there has not been a trial within the meaning of the 308th section of the Code. What is meant by a trial in that section is the trial of an issue. If issue has been joined, the plaintiff, whether the defendant appears to contest at the trial or not, is bound to go

on and establish the truth of the matters put in issue; but where the plaintiffs take judgment by default for want of an answer, the cause of action is admitted, and there is no occasion for a trial. A writ of inquiry or a reference is ordered under the statute of 1855, merely to ascertain the amount of the plaintiff's damages.

It is suggested that the course of procedure is analogous to the foreclosure of a mortgage, in which case an extra allowance may be granted. It is very true that this proceeding is analogous to the foreclosure of a mortgage, but it is not the foreclosure of a mortgage for which alone provision has been made in the section referred to. It is also suggested that it is in the nature of a claim upon real property, but it is not in the language of the statute " a proceeding to compel the determination of claims to real property." As it falls, therefore, within none of the cases provided for by § 308, there is no authority for granting an extra allowance.

As the point is suggested for the first time, I have conferred with my brethren, and they agree with me that we have no power to grant an extra allowance in such a case.

Motion denied.