GARRET G. GARRISON *et al.*, Appellants, *against* CHRISTOPHER
MOONEY, Impleaded, &c., Respondent.

(Decided April 5th, 1880.)

Where the owner of a building upon which work is being done under a
contract, has promised to pay, upon the order of the contractor, to a third
person, for materials to be furnished to the contractor by such third per-
son, and has by such promise incurred a liability before the filing of a
mechanic's lien for work done on the building, he may, after such lien is
filed, make a payment in discharge of such liability, out of moneys due
him to the contractor, without regard to the lien. Under such circum-
stances the lien cannot take precedence of the liability previously
incurred.

APPEAL from a judgment of this court entered on the
report of a referee.

The action was brought to foreclose a mechanic's lien
against the defendant Mooney, as owner of the building,
and one Van Clave, as contractor for the work, in respect
of which the lien was claimed. The facts are stated in the
opinion. Van Clave did not answer. The answer of the de-
fendant Mooney alleged that at the time the lien was filed
nothing was due from him to Van Clave under the contract.
Upon trial before a referee, he found for the defendant, and
judgment for the defendant was entered on his report. From
the judgment the plaintiffs appealed.

*Wm. G. McCrea* and *L. J. Conlan*, for appellants.

*John B. Pannes*, for respondent.

CHARLES P. DALY, Chief Justice.—The decision of the
referee was right. The evidence showed that when the plaint-
iffs filed their lien, or rather, when they notified the defend-
ant, Mooney, of the filing of it, nothing was due by him to
Van Clave, Van Clave having then been overpaid upon the
contract under which the work was done by the plaintiffs.
This included the payment made by Mooney to Heck, who

Garrison *v.* Mooney.

furnished the material for the work which the plaintiffs did. Van Clave ordered the material from Heck, upon which Heck asked him who was to pay for it, and Van Clave told him he would, but Heck told him he would rather have an order on the owner, and Van Clave said he would give him one, which he did. Heck, however, before he delivered the goods, took the precaution to go to the owner, Mooney, and asked him if he would accept the order of Van Clave, and Mooney said he would, if Heck brought him a fair bill; Heck then delivered the goods to the plaintiffs, as he was directed to do by Van Clave, and then brought a fair bill to Mooney, who paid it, after the plaintiffs filed their lien. It is very evident, upon this state of facts, that Heck would not have furnished the goods unless he had had an assurance from Mooney that he would pay for them if Heck's charge was a fair one ; and the consideration for Mooney's promise was the furnishing of the goods by Heck, which he would not have done but for that promise. Mooney had thus made himself liable to Heck (*Darlington* v. *McCunn*, 2 'E. D. Smith, 411). And being thus liable, he had a right to pay Heck in discharge of his liability, after the plaintiffs had filed their lien, his liability having been incurred before. It does not affect the question that the goods were charged on Heck's books to Van Clave, or the bill made out in his name, for Van Clave recognized that the owner, Mooney, might pay Heck, instead of his receiving the money ; and as Heck did not deliver the goods until he had an assurance that the owner would pay for them on Van Clave's order, the referee was right in holding that the plaintiff's lien could not take precedence of the payment made to Heck by the owner Mooney, under such circumstances ; and the report of the referee should therefore be affirmed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment affirmed.