## WRIGHT v. REUSENS.

*(Supreme Court, General Term, Second Department. July 2, 1891.)*

.COSTS—TAXATION—FORECLOSING MECHANICS' LIENS.

    An action to foreclose a mechanic's lien is not an action "to determine a claim to real property" within Code Civil Proc. N. Y. § 3252, which allows certain additional costs to be taxed for the plaintiff in such case.

Appeal from special term, New York county.

Action by James R. Wright against Guillaume A. Reusens, impleaded with others. From a judgment for defendant, plaintiff appeals. Code Civil Proc. N. Y. § 3252, provides that "where an action is brought * * * to·compel the determination of a claim to real property" a certain percentage on the value of the property, the claim to which is determined, shall be allowed the plaintiff as additional costs.

Argued before BARNARD, P. J., and PRATT, J.

*Silas J. Owens,* for appellant. *Billings & Cardozo,* for respondent.

BARNARD, P. J. The statute fee of $60 as an allowance additional to the costs, under section 3252 of the Code, was properly refused. An action to foreclose a mechanic's lien is not mentioned in that section, and it does not fall within the description of an action to determine a claim to real property. That action has a definite meaning, and refers only to proceedings directed to the end that a party should assert his claim to a title to land or be barred. The calendar fees for the special term were not taxable. The Saturday special term in Westchester county has no regular calendar, I infer from the decision. The papers do not show the contrary. The motion fees rejected were improper. No order is shown by which the motion fee was given directly or provisionally. The charge for copying the report and opinion of the referee was not a legal one, nor the copies of notices of lien. The Code fails to allow anything, therefore, and such charges must be deemed to be within the general costs which are given upon a trial, and which were allowed by the clerk. Charging a witness as an expert, in the absence of proof, will not increase the witness' fee beyond the general rate for other witnesses. The order should therefore be affirmed, with costs and disbursements.