MARY J. LINNEMAN, Respondent, *v.* CHARLES E. BIEBER and Another, Appellants, Impleaded with Others.

*Mechanics' lien — the taking and assignment of a note for the claim — right to thereafter file a lien — the fraudulent intent of a grantor shifts the burden of proof to the grantee — credibility of a party.*

The right to make a mechanics' lien available is not lost or defeated by the creditor's taking a note payable by the debtor before the time to enforce the lien by action has expired.

A note taken by a creditor from his debtor and thereafter assigned by the creditor by indorsement before the maturity thereof, which was not given in satisfaction of the claim, does not prevent the filing by the creditor of a mechanics' lien and the assignment thereof to and its enforcement by the holder of the note.

In an action brought to set aside a conveyance of real estate, where the plaintiff has shown the fraudulent intention of the grantor, the burden is upon the purchaser to relieve herself from the effect of the fraudulent intent of her grantor by proving that she was a purchaser for a valuable consideration.

The credibility of the testimony of a party to an action, given upon the trial thereof, is a matter for the consideration of the referee before whom the action is tried.

APPEAL by the defendants, Charles E. Bieber and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 22d day of

FIFTH DEPARTMENT, MARCH TERM, 1895.          [Vol. 85.

June, 1894, upon the report of a referee directing the foreclosure and sale of certain premises under a mechanics' lien.

*Edward C. Randall,* for the appellants.

*Stone & Stone,* for the respondent.

BRADLEY, J. :

The purpose of the action was to foreclose a mechanics' lien on certain premises on Michigan street in the city of Buffalo for materials and work employed there pursuant to contract with Charles E. Bieber, and to set aside as fraudulent a conveyance of the premises made by him to his wife, the defendant Mary J. Bieber.

The contract with Mr. Bieber to furnish the materials and erect the building was made and performed by John F. Linneman, and the price agreed upon therefor was $3,508.

In the outset it was necessary to make provision for funds to enable Bieber to complete the payment for the lot and to make payment to Linneman. This was done by a $6,000 mortgage made by Bieber and wife to the German Bank. Thereupon, with the proceeds of a note made by one of them, indorsed by the other and Linneman, and discounted by the bank, the land was paid for. Afterwards, on May 12, 1893, Bieber's note to Linneman for $1,000 was discounted by the bank and the proceeds placed to his credit, and on the first of June following, another note from Bieber to him for $2,000 was discounted at the same bank and the proceeds placed to his credit. So far there is no controversy about the facts. The notice of lien was filed October 10, 1893. The referee found that there was then due to Linneman for work and materials done and furnished by him upon that lot, $1,256.08. This is disputed by the defendants, and they insist that the payments before mentioned reduced the amount due Linneman to $508. And such would be the fact if the contract price included the entire amount of the claim, and if the entire sum of $3,000 was applicable to it. But the referee has found that Linneman did some other work on the lot in removing a building from the front to the rear of it, and that such services were worth $123.08. This was not within the terms of the contract, but may be deemed to have been necessary to the

performance of it, and there is some evidence in support of that finding and the allowance of that sum to Linneman.

The referee found that out of the proceeds of those two notes so placed to his credit Linneman paid to and for Bieber $625, leaving a balance of $1,256.08 due him for what he did upon the Michigan street lot. This conclusion of fact, although not required, was permitted by the evidence. And that is here treated as the situation when the work was completed. There were some other matters of account between Linneman and Bieber. And on July 28, 1893, the latter gave Linneman his note of that date for $1,700, payable to his order six months after its date. Linneman then gave his receipt to Bieber to the effect that he had received that amount on account of settlement of all matters open between them, including full settlement of all sums due, or to grow due, for work and materials on the Michigan street store, with the stipulation added that he would hold Bieber harmless in respect to any liens which might be filed against that store, and satisfy and discharge any lien that should be filed against it, and then followed the statement that " this payment is not in full settlement of the accounts between us; said accounts remaining to be adjusted finally." Immediately after this note was given Linneman indorsed and transferred it to his wife, the plaintiff.

It is urged that this note was made and taken as payment and in satisfaction of the claim for work, etc., on the Michigan street lot. There is some force in that contention in view of what appears in the receipt, and of the fact that the work on that lot was not then entirely completed. But the referee found that the note was not given or accepted as payment of that amount, and the circumstances go in support of that conclusion.

The right to make a mechanic's lien available is not lost or defeated by taking a note payable by the debtor before the time to enforce the lien by action expires. (*Miller* v. *Moore*, 1 E. D. Smith, 741; *Althouse* v. *Warren*, 2 id. 657.) As the note was held by the plaintiff at the time the notice of lien was filed by John F. Linneman it is contended that no lien was effectually created. It would have been futile if the note had been taken in satisfaction of the debt, and such would have been the effect if he had then ceased to have any relation to the note, because he then would have no interest

to protect. Nor could he enforce the lien without relieving the debtor from liability arising from the making of the note and upon it. (*Teaz* v. *Chrystie*, 2 E. D. Smith, 621; 2 Abb. Pr. 109.) Mr. Linneman was contingently liable as indorser of the note, having the right at its maturity on default in payment by the maker to take up and hold it against him.

The agreement before mentioned, to indemnify Bieber against liens and to discharge any which should be put upon the property, evidently had relation only to the assertion of liens by others than the contractor Linneman, as the note to him was intended to cover the full amount remaining unpaid for work and materials which he undertook to supply to complete the building upon that lot. Mr. Linneman did not repossess himself of the note, and until he did so he could not institute proceedings in his name to enforce the lien. But before the note became due, and on January 8, 1894, he assigned to the plaintiff who held the note the mechanics' lien which he had created by filing the notice in October, 1893, the cause of action on which it was founded and all moneys derivable from it. This lien was security for the payment of the debt and for his protection against liability to pay the note, which relation contingently existed when the lien was filed. Our attention is called to no reason why he could not transfer it with the claim upon which it was founded, as was done by him.

And afterwards, after the maturity of the note and within due time, the plaintiff brought this action to foreclose the lien. Upon the trial the note was delivered to the defendant Bieber, by whom it was made.

By the action the plaintiff seeks priority over a deed of conveyance of the premises made by the defendant Bieber to the defendant Bieber, his wife, on July 10, 1893, on the alleged ground that it was made in fraud of the creditors of the grantor. No question as to the remedy on such ground is specifically raised. And such relief is here treated as available in an action to foreclose a mechanic's lien. (*Gross* v. *Daly*, 5 Daly, 540; *Tisdale* v. *Moore*, 8 Hun, 19.)

The conveyance was recorded eighteen days after it bears date, and on the same day that Bieber made his note to Linneman.

Whether or not the conveyance by Bieber to his wife was made with the intent to delay or defraud his creditors, was upon the evi-

dence a question of fact. The business relations between him and his wife were the subject of the testimony of Mr. Bieber, which was to the effect that the conveyance was made on account of his indebtedness to her.

The referee, however, found that the deed was not made to her in good faith, but for the purpose of hindering and delaying Linneman in the collection of the amount due or to become due on his contract for work, etc., and was, therefore, void as to him and the plaintiff.

It is urged upon the part of the defendants that as the finding of the referee does not impute to Mrs. Bieber any want of good faith in taking the conveyance, or any failure of consideration for its support, the conclusion that the deed was ineffectual as against Linneman, was not warranted. The fact that a conveyance of property is made with intent on the part of the grantor to defraud his creditors, does not as to them defeat the title of the grantee if he is a purchaser in good faith for a valuable consideration. (*Zoeller* v. *Riley,* 100 N. Y. 102.)

The statute, however, provides that a conveyance made with intent to hinder, delay or defraud creditors shall be void. (2 R. S. 137, § 1.) But that such provision shall not be construed in any manner to impair the title of a purchaser for a valuable consideration, unless it shall appear that such purchaser had previous notice of the fraudulent intent of his grantor. (Id. § 5.)

The fact as found by the referee is all that was requisite within the statute to render the conveyance invalid as against the creditor. The burden was upon the purchaser to relieve herself from the effect of the fraudulent intent of her grantor by proving that she was a purchaser for a valuable consideration. (*Starin* v. *Kelly,* 88 N. Y. 418.)

The referee did not find that she was a purchaser for a valuable consideration or that she did not have previous notice of the fraudulent intent of her husband. Mrs. Bieber was not a witness on the trial. The relation of her husband to the controversy rendered the credibility of his testimony a matter for the consideration of the referee.

In view of that fact, and upon all the evidence bearing on the subject, the conclusion of the referee seems to have been permitted and supported.

Other questions raised require no expression of consideration. There was no error to the prejudice of the defendants in the rulings at the trial or in the findings or refusals to find as requested.

The judgment should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment affirmed, with costs.