(15 App. Div. 521.)

## DONOVAN v. FRAZIER et al.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

MECHANICS' LIENS—CONTRACTOR'S NOTES—APPLICATION OF PAYMENTS.

Notes given from time to time by a contractor to a material man on a running account for stone are not payments within the doctrine of the application of payments so as to preclude a mechanic's lien for the stone furnished under the earlier items of the account, where nothing was said by either party when the notes were given, and the notes were not paid.

Appeal from special term, Westchester county.

Action by Daniel E. Donovan against Isaiah Frazier and the city of Yonkers to foreclose a mechanic's lien. There was a judgment for plaintiff, and defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John F. Brennan, for appellants.

Joseph F. Daly, for respondent.

GOODRICH, P. J. In August, 1892, the defendant Frazier contracted with the city of Yonkers to do the grading and curbing of, and for otherwise improving, Waverly street, for the price of $13,311. The plaintiff furnished him a large amount of blue stone for this and other work, in which was included curbstone and flagging used by Frazier upon Waverly street, and amounting to $1,021.50; and on September 15, 1893, filed with the city clerk, the engineer, and the treasurer of Yonkers a notice of his lien for $1,800. At that date there was still unpaid to Frazier on his contract, which he had then completed, the sum of $1,333.10. The defendants, however, claim that these items of stone were included in a running account of a much larger amount of materials furnished by the plaintiff to Frazier between March 25, 1882, and December 13, 1893, and that by this account, in evidence, it appears that payments were made from time to time, so that the amount paid by Frazier more than reached and covered the stone in question; and that, as nothing was said by either party at the time of payment, the rule of application of payments to the earliest items of the account must obtain, whereby the stone in question was paid for, and all right of action therefor extinguished. The evidence, however, shows that the alleged payments consisted in part of notes given by Frazier to the plaintiff, by whom they were transferred to one McDermott, who obtained judgment on them, which still remains uncollected. There remains, also, unpaid on the general bill over $3,800. Under these circumstances the doctrine of application of payments does not apply, as the note of a debtor can hardly be considered a payment of the indebtedness. The special term decided that no part of the price of the stone in question had been paid; that the filing of a lien of $1,800, though too large in amount, was an honest mistake, resulting from misapprehension existing in the plaintiff's mind as to the amount of stone which had virtually gone into the Waverly street work; that stone to the value of $1,021.50 had gone into such work; and ordered judgment for the

sum with interest, with judgment for the deficiency. There was ample evidence to justify these findings of fact, and we see no reason to disturb them.

The judgment should be affirmed, with costs. All concur.