## McLAUGHLIN· v. MENDELSON et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

Costs (§ 164*)—Amount—Extra Allowances—Actions in Which Allowable.

> Code Civ. Proc. § 3252, provides that in actions to foreclose a mortgage upon real property, among others, if plaintiff recovers a final judgment with costs, he is entitled to recover, in addition to the costs otherwise prescribed, certain percentages on the amount found to be due on the mortgage. Lien Law (Consol. Laws 1909, c. 33) § 43, provides that the provisions of the Code of Civil Procedure relating to actions for the foreclosure of a mortgage upon real property and the sale and distribution of the proceeds thereof, apply to actions in a court of record to enforce mechanics' liens on real property except as otherwise provided. *Held*, that plaintiff in an action to foreclose a mechanic's lien is entitled to the extra allowance of costs provided for in section 3252, especially as he has the burden of preparing the complaint, bringing in parties, examining the record for such purposes, entering the judgment, procuring the sale, and reporting it to the court.

> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620–636; Dec. Dig. § 164.*]

Appeal from Special Term, Kings County.

Action by Edward J. McLaughlin against Rose Mendelson and others. From an order denying a motion to tax costs under Code Civ. Proc. § 3252, plaintiff appeals. Reversed, and motion granted.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Matthew W. Wood, of New York City, for appellant.

Marks & Marks, of New York City, for respondents.

THOMAS, J. The question is whether the plaintiff in an action to foreclose a mechanic's lien is entitled to an allowance under section 3252 of the Code of Civil Procedure. Section 43 of the Lien Law (chapter 33, Consol. Laws 1909; chapter 419, § 3401, Laws of 1897) provides:

> "The provisions of the Code of Civil Procedure, relating to actions for the foreclosure·of a mortgage upon real property, and the sale and the distribution of the proceeds thereof apply to actions in a court of record, to enforce mechanics' liens on real property, except as otherwise provided in this article."

It is obvious that one intention was to furnish a procedure for enforcing the lien and for the sale and distribution of the proceeds. But that was not the entire scope of it. Section 3252 does, in part, relate to the foreclosure of a mortgage. If therefore provisions in the Code relevant to the foreclosure of a mortgage are also related by force of section 43 of the Lien Law to the foreclosure of a mechanic's lien, the plaintiff should have the costs. It is true that there may be a fund and that the plaintiff may be seeking to establish his interest in it as against the owner, a contractor or other lienors, or all such, and that the object of the action may be to determine the rights of the several claimants to the fund. The same complications might not arise in ac-

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

144 N.Y.S.—68

tions for the foreclosure of a mortgage, and yet in such cases questions do arise as to priorities of mortgages and judgments and other liens. So that there is no material difference in such regard between the foreclosure of a mortgage and a lien. There is similar justice in allowing the additional allowance to the plaintiff seeking the foreclosure of his lien and the adjustment of equities. He carries the burden of preparing the complaint, of bringing in parties and the examination of the record for such purposes, and there is also the duty, in case he succeed, of entering the judgment, procuring the sale, and reporting the same to the court.

The respondent relies upon two cases, Wright v. Reusens, 15 N. Y. Supp. 504,[1] and Randolph v. Foster, 4 Abb. Prac. 262. The last case treated of an additional allowance and was decided in 1857. Wright v. Reusens dealt with section 8, c. 342, of the Laws of 1885, all of which chapter was repealed when the present law was enacted. Section 8 refers to the foreclosure of a mechanic's lien, and is as follows:

"The manner and form of instituting and prosecuting any such action" (foreclosure of mechanic's lien) "to judgment, or an appeal from such judgment shall be the same as in actions for the foreclosure of mortgages upon real property, except as herein otherwise provided."

There the provisions relating to the foreclosure of mortgages were adopted simply to furnish "manner and form" of procedure. In the present statute all the provisions applicable to actions to foreclose mortgages apply to actions to enforce mechanics' liens. There was no difficulty under the earlier statute in reaching the conclusion that the provisions for costs did not apply. The language was explicit. It will be noticed that the present statute does not say that the provisions of the Code shall apply to the enforcement of the lien, that is, so far as they are necessary for the enforcement of the lien, but rather that they shall apply to actions brought for the purpose of enforcing the liens, from which it may be inferred that everything relating to an action for foreclosure of a mortgage, so far as applicable, applies to an action to enforce a mechanic's lien. In other words, the action to foreclose a mechanic's lien is equivalent to an action to foreclose a mortgage so far as applicable provisions of the Code are concerned.

The reason for decision in Wright v. Reusens is not entertainable. It is that the action to foreclose a mechanic's lien is not mentioned in the Code section. Where one statute is by reference ingrafted upon another statute, the purposes of the second statute are not mentioned in the first. Otherwise, there would be no purpose in adopting it by reference.

The order should be reversed, without costs, and motion granted to tax costs pursuant to section 3252 of the Code of Civil Procedure. All concur.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 585.