JOHN C. WILLIAMSON, Respondent, *v.* BARKER, ROSE & CLINTON COMPANY, Appellant, Impleaded with FRANK H. ALLEN, Respondent, and F. H. JOHNSTON CONSTRUCTION COMPANY, Defendant.

Third Department, December 28, 1917.

Liens — mechanic's lien — right of owner as against subcontractor who has filed lien to apply upon contract price indebtedness of contractor for merchandise sold and delivered — foreclosure of mechanic's lien — costs.

An owner has no right, as against a subcontractor who has filed a mechanic's lien, to apply upon the contract price subsequent to the completion of the contract and without any previous agreement therefor, an indebtedness of the contractor to the owner for merchandise sold and delivered.

The owner is not entitled as against subcontractors to treat a balance of indebtedness upon a merchandise account as a payment upon the contract at the time of the filing of liens by subcontractors, where the contract itself contains no such provision and no agreement to such effect is shown to have been made by the parties prior to the filing of the liens, and there is no course of dealing between the owner and the contractor indicating that such was their mutual understanding.

In an action for the foreclosure of a mechanic's lien costs may be awarded as in an action for the foreclosure of a mortgage.

APPEAL by the defendant, Barker, Rose & Clinton Company, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Chemung on the 19th day of April, 1917, upon the decision

of the court after a trial before the court without a jury, and also from an order entered in said clerk's office on the same day, awarding costs to the respondents as in an action for the foreclosure of a mortgage.

*Charles O. Eacker* [*Lewis E. Mosher* of counsel], for the appellant.

*Herendeen & Mandeville* [*E. W. Personius* of counsel], for the plaintiff, respondent.

*H. H. Rockwell,* for the defendant, respondent.

LYON, J.:

This action was brought for the foreclosure of a mechanic's lien filed by a subcontractor. The important question involved is the right of an owner as against a subcontractor who has filed a mechanic's lien to apply upon the contract price, subsequent to the completion of the contract, and without any previous agreement therefor, an indebtedness of the contractor to the owner for merchandise sold and delivered.

On September 2, 1915, the defendant Barker, Rose & Clinton Company, hereinafter termed the owner, entered into a contract with the defendant Johnston Construction Company, hereinafter termed the contractor, for the furnishing of materials and labor and the construction of a storehouse upon the lands of the owner situated in the city of Elmira, N. Y., for the sum of $19,980, ninety per cent of which was to be paid to the contractor on the certificates of the architect as the work progressed. The first payment was to be made thirty days after the work had been commenced, and the payments were to be continued monthly thereafter, the last payment being made within thirty days after the completion of the contract.

In November, 1915, the plaintiff Williamson entered into a contract with the contractor for the construction of the mason, brick and tile work in the building for $2,800. The plaintiff completed his subcontract, together with $119.96 of extra work, April 16, 1916, having received thereon only $800. On or prior to July 1, 1916, the defendant Allen, as a subcontractor, had furnished labor and materials in painting

said building to the value of $69.72, no part of which had been paid.

The construction of the building, together with extra work done by the contractor amounting to $92, was practically completed May 16, 1916. The contractor had been a merchandise customer of the owner for some time prior to the making of the contract, and at that time was owing the owner a balance on open account of $42.40. The contractor continued to deal with the owner, purchasing merchandise for the construction of the storehouse as well as for use upon outside work, the items of all which were charged to the contractor in a single account termed the " merchandise account," and amounted May 16, 1916, to $6,173.17. In a separate ledger the owner kept an account with the contractor termed the " contract account " showing the payments made by the owner to the contractor. Prior to January 24, 1916, there had been paid by the owner to the contractor on the certificates of the architect $16,700, of which $13,700 was paid by check, and the remaining $3,000 credited on the merchandise account and charged against the " contract account," for which credits the owner gave the contractor receipts which were accepted by the contractor as payments upon the contract. Subsequent to January 23, 1916, no architect's certificate was given, and no further payment made, or credit given on account, aside from $3.75 for labor, until July 21, 1916. On that day the owner, as of date July 1, 1916, charged the contract account, and credited the merchandise account, with $3,276.25, which with the small item for labor equaled the amount unpaid upon the contract. On August 14, 1916, the contractor delivered to the owner a writing of date May 16, 1916, acknowledging the receipt by the contractor in cash and merchandise of the contract price of $19,980 in full of the contract. On July 1, 1916, the plaintiff duly filed and served on the owner the mechanic's lien sought to be foreclosed in this action. On July 6, 1916, the defendant Allen duly filed and served the mechanic's lien set up in his answer herein.

The trial court held that the owner was not entitled as against the subcontractors to have credited to it upon the contract account the balance owing to it upon the merchandise

account of $3,276.25, but that the plaintiff and the defendant Allen each had a valid lien upon the storehouse property for the said amounts unpaid upon their subcontracts, and granted a judgment of foreclosure and sale, and an order awarding to each taxable costs as upon the foreclosure of a mortgage upon real property. From such judgment and order the owner has taken this appeal.

The Lien Law (Consol. Laws, chap. 33; Laws of 1909, chap. 38), section 4, provided: "If labor is performed for, or materials furnished to, a contractor or sub-contractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon." The decision of the appeal, therefore, resolves itself into this, whether the owner was entitled as against the subcontractors to treat the balance of indebtedness upon the merchandise account as a payment upon the contract at the time the liens were filed. The contract itself contained no such provision. No agreement to such effect was shown to have been made by the parties prior to the times of filing the liens, nor did the course of dealing between the owner and the contractor indicate that such was the mutual understanding. Upon the other hand, the application of the merchandise indebtedness in the two instances, in December and January, was by agreement of the owner and contractor as evidenced by the receipt given by the latter to the former, and accepted by it as a payment upon the amount then due, and by entries then made by the owner upon its ledgers. The fact that no such agreement was made is further evidenced by the attempt of the owner to show such application by antedating the credit to balance the contract account, and by having obtained in August the receipt of the contractor bearing date of May 16, 1916, acknowledging the receipt of cash and merchandise in full of the amount of the contract; and also by the statement of the chief executive officer of the owner made to each of the subcontractors on or about May 16, 1916, that it still owed the contractor over $3,000 and that it had a bond for the payment of these claims, or, as said officer testified, " I said he had not received his final certificate for something over $3,000." There is no evidence

that the purchase price of the materials bought of the owner which went into the building were to be treated as payments upon the contract. Even were such the case, the balance after deducting from the contract price the cash payments made thereon, the price of such materials, and the damages allowed the owner by the court on account of the delays of the contractor, was more than sufficient to pay the amount of the liens. In fact the owner applied the credits upon the general merchandise account which consisted about equally of purchases for the construction of the storehouse, and purchases for other work.

In view of all these facts it must be held that there had been no application of the balance of the merchandise account upon the contract price at the time the notices of lien were filed, at which time the relative rights of the owner and subcontractors became fixed, and hence that there was a balance unpaid upon the contract in excess of the amount of the liens to which they attached. As was said by LOTT, Senator, in *Hoyt* v. *Miner* (7 Hill, 525): " The mechanic is entitled to a recovery of his debt out of the moneys due by the owner to his contractor under the contract, without reference to the general dealings between them. The statute intended to provide a certain fund out of which the claims of the workmen should be paid, and the moneys agreed to be paid to the contractor are made applicable to that object. That fund can only be reduced by payments *bona fide* made. It is reasonable to suppose that every person doing work or furnishing materials to a building, has reference to the price or sum agreed to be paid to the contractor, and the times and terms of payment; and it would defeat the object and intention of the statute to allow a general debt to be set off against the amount payable under the contract."

The finding of defendant's 26th request is disapproved.

The award of costs was in the discretion of the trial court and we do not think it was unwisely exercised. (*McLaughlin* v. *Mendelson*, 160 App. Div. 37.)

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.