LAWRENCE RUKEYSER et al., Plaintiffs, v. PETER W. Rouss et al., Defendants.

(Supreme Court, New York Special Term, February, 1918.)

Mechanic's lien — foreclosure of — actions — negotiable instruments — contracts — liens — judgments.

In an action to foreclose a mechanic's lien it appeared that the general contractor on October 16, 1916, when there was nothing due and owing to the subcontractor, gave him its

promissory note for $6,000, which he discounted at a bank, and on December 16, 1916, when the note matured, it was paid by the maker. On November 8, 1916, the contractor paid the subcontractor $5,500 in cash on account of his contract which sum, plus the amount of the note, would, if the note constituted payment, have paid the subcontractor all that was due him on November 1, 1916, pursuant to his contract. A week after the cash payment the subcontractor became a voluntary bankrupt and on the same day plaintiff filed his lien and other lienors filed their liens two days later. The work under the subcontract was completed at the expense of the general contractor. *Held,* that in the circumstances the giving of the note was in the nature of an accommodation and until actually paid there was still an outstanding indebtedness of the general contractor to its subcontractor which supported the liens in suit.

That, the subcontractor after his indorsement of the note at the bank was at least contingently liable and his right to file a lien was not affected and his subcontractors had the same right.

That the general contractor when it gave the note took the risk of its being negotiated and in the hands of a third party it could not have priority over the rights of the lienors of the real property.

That payment of the note after the liens were filed did not relieve the interested defendants from the claims of the lienors, especially since they had knowledge of the furnishing of the materials and the filing of the liens. Accordingly, *held,* that plaintiff was entitled to judgment.

ACTION to foreclose a mechanic's lien.

Manton Marks, for plaintiffs.

Baldwin & Hutchins, for defendants.

COHALAN, J. Action on stipulated facts to foreclose a mechanic's lien. It appears that Fountain & Choate, a corporation, was the general contractor under a contract dated the 28th day of March, 1916, for certain construction work on the premises Nos. 104-110

Greene street, in the borough of Manhattan. On April 6, 1916, the general contractor made a subcontract with the defendant Tostevin, by which, for the sum of $27,000, the latter was to do certain cement and concrete work on the building, and said contract provided among other things, as follows: "Article IX: That the sum to be paid to the subcontractor for his said labor and materials shall be $27,000, in monthly payments, on the basis of 85 per cent. of the amount of work completed less the amount of previous payments." The general contract contained a similar clause. Fountain & Choate and Tostevin entered upon the performance of their respective contracts. On the 30th day of October, 1913, the former made an application for a payment for the work done by it during the month of October. This application included an item of $14,000 for concrete arches, furnished by the latter under his subcontract. On November 1, 1916, eighty-five per cent of the amount of such application was paid to Fountain & Choate and this included eighty-five per cent of the sum of $14,000, which amounted to the sum of $11,900. Prior to the making of this application, and on October 15, 1916, and before payment for any of the work set forth therein was due, Fountain & Choate made and delivered to Tostevin its promissory note for $6,000. This note was discounted by Tostevin on October 20, 1916, and he received the proceeds thereof, and when it became due on December 16, 1916, it was paid by Fountain & Choate. On November 8, 1916, the latter paid to Tostevin, in cash, the sum of $5,500 on account of his contract, which sum, plus the amount of the note, would, if the note constituted payment, have paid Tostevin all that was due him on November 1, 1916, pursuant to his contract. However, a week after the payment of the sum of $5,500, Tostevin filed a voluntary petition in bank-

Supreme Court, February, 1918. [Vol. 102.

ruptcy. On the same day the plaintiff herein filed his lien and the other lienors filed their liens two days later. It is apparent, therefore, that all liens were filed at least a month before the note became due. After Tostevin retired from the work, it was completed at an expense of $19,277.25 by Fountain & Choate. It is significant that at the time the note was given there was nothing due and owing by Fountain & Choate to Tostevin. It follows that the giving of the note more than two weeks before there was any money due and owing was in the nature of an accommodation. The lienors assert that the mere giving of this note did not constitute payment, and that until the note was actually paid on the 16th of December, 1916, there was still an outstanding indebtedness by Fountain & Choate to Tostevin, in a word, that the mere giving of the debtor's own note did not constitute payment unless it was so agreed at the time the note was given. Fountain & Choate contends that when the note was indorsed by Tostevin and subsequently paid by the maker such payment effectually disposed of the rights of the lienors herein. It is my view that the indebtedness of Fountain & Choate to Tostevin was not extinguished by the giving of the note; that since the indebtedness remained outstanding until the actual payment of the note such indebtedness supports the liens in suit. *Linneman* v. *Bieber,* 85 Hun, 477; *Donovan* v. *Frazier,* 15 App. Div. 521; *Hall* v. *Pettigrove,* 10 Hun, 609; *Gass* v. *Souther,* 46 App. Div. 256; affd., 167 N. Y. 604. In the case of *Linneman* v. *Bieber, supra,* the owner of the property gave the contractor a note on account of a sum due under the contract. The contractor indorsed the note to a third person. Later the contractor filed a mechanic's lien on the contract indebtedness. In holding that the lien was good, and was assignable to the indorsee of the note, the court

Misc.]          Supreme Court, February, 1918.

said: "It would have been futile if the note had been taken in satisfaction of the debt, and such would have been the effect if he (Linneman) had then ceased to have any relation to the note, because he then would have no interest to protect. Nor could he enforce the lien without relieving the debtor from liability arising from the making of the note. Mr. Linneman was contingently liable as indorser of the note, having the right at its maturity on default in payment by the maker to take up and hold it against him." This case and others seem to hold that Tostevin, after his indorsement of the note to the bank, was at least contingently liable and his right to file a lien was not affected. If the transfer by Tostevin to the bank had constituted payment, he lost his right to file a lien, but since in fact he had a right to file a lien his subcontractors were possessed of the same right. Fountain & Choate, instead of paying cash at the time when the contract required it to be paid, placed in circulation a promissory note, an obligation separate and distinct from their obligation under the contract. The corporation took the risk of the note being negotiated, and the note in the hands of a third party could not be prior to the rights of the lienors in the real property. I am satisfied that the payment of a note a month after the liens were filed does not relieve the interested defendants from the claims of the lienors, especially since they had knowledge of the furnishing of the materials and the filing of the liens. Judgment for the plaintiff.

Judgment accordingly.