LAWRENCE RUKEYSER, Respondent, *v.* FOUNTAIN & CHOATE, INC., Appellant, Impleaded with TISDALE LUMBER COMPANY, INC., and Others, Respondents, and PETER W. ROUSS and Others, Defendants.

First Department, December 6, 1918.

Mechanics' liens — when lien filed against subcontractor does not attach to amount represented by note previously given by general contractor — validity of payments by owner or general contractor in advance of amount becoming due — burden of proof — when giving of note not a payment — right of one performing labor or furnishing material to subcontractor to file lien.

Where a general contractor executed and delivered to a subcontractor a note for work done or to be done, and for materials furnished or to be furnished by the latter, without the intent of defeating the provisions of the Lien Law, and said note was discounted by the subcontractor, and the

party discounting the same became a *bona fide* holder for value, to whom the general contractor became absolutely liable, prior to the filing of liens for labor performed for and furnished to the subcontractor, said liens did not attach to the amount represented by the note.

Section 7 of the Lien Law impliedly authorizes payments to be made by the owner or general contractor in advance of the amount becoming due under the contract, provided they are not made for the purpose of avoiding the provisions of the statute, and the burden of showing this is on the lienor.

The giving of a note or the execution of a mortgage for an indebtedness is not, in the absence of other evidence, payment of the indebtedness and merely suspends the right of the creditor until the maturity of the obligation, at which time he is free to pursue any remedy he may have.

In the absence of fraud between a general contractor and his subcontractor to defeat the object and purpose of the Lien Law, one performing labor or furnishing material to the latter becomes entitled by subrogation only to his right to file a mechanic's lien for money due or to grow due from the former, but upon filing the lien such right becomes vested in the lienor to the extent of money due or to grow due and cannot be affected by a subsequent failure of the subcontractor to complete performance.

DOWLING, J., dissented.

APPEAL by the defendant, Fountain & Choate, Inc., from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 13th day of April, 1918, upon the decision of the court after a trial at the New York Special Term.

The judgment foreclosed certain mechanics' liens and directed their payment out of a fund deposited by the appellant to discharge and secure payment of the liens.

*Roger S. Baldwin* of counsel [*Baldwin & Hutchins*, attorneys], for the appellant.

*Manton Marks* of counsel [*Wilbur F. Earp* and *Edgar R. Mead* with him on the brief], for the plaintiff, respondent.

*Easton S. Bacon* of counsel [*Robinson, Bacon, Gutterson & Biglow*, attorneys], for the respondent Tisdale Lumber Company.

LAUGHLIN, J.:

The evidence consists exclusively of facts stipulated. The action is to foreclose a mechanic's lien filed by the plaintiff,

respondent, on the 15th day of November, 1916, for work and labor performed for and furnished to appellant's subcontractor, one Tostevin, against premises in the borough of Manhattan, New York, and used in the construction of a building thereon in the performance of a contract between appellant and the owner of the premises. On the 16th day of the month preceding the filing of the lien the appellant, the general contractor, had executed and delivered to the subcontractor a note for $6,000, payable to the order of the name under which he did business, two months after its date. It was stipulated that the note was given for work done or to be done and for materials furnished or to be furnished by the subcontractor; but it does not appear what part of the amount was due and owing to the subcontractor at the time the note was executed, and there is no evidence as to whether or not the note was taken in payment. The statute (Lien Law [Consol. Laws, chap. 33; Laws of 1909, chap. 38], § 7) impliedly authorizes payments to be made by the owner in advance of the amount becoming due under the contract in such case provided it is not made " for the purpose of avoiding the provisions " of the Lien Law, and the burden of showing this is on the lienor. (*Glens Falls P. C. Co.* v. *Schenectady County Coal Co.*, 163 App. Div. 757; *Wagner* v. *Butler*, 155 id. 425.) These statutory provisions have been construed as applying to a general contractor the same as to the owner. (*Lawrence* v. *Dawson*, 34 App. Div. 211; *Smack* v. *Cathedral of the Incarnation*, 31 id. 559.) There is no evidence that the giving of the note or the payment intended to be made thereby was for the purpose of defeating the provisions of the Lien Law. It was stipulated that the subcontractor discounted the note on the 20th of October, 1916, and received the proceeds long prior to the filing of any of the liens and that the note was paid at maturity by the appellant on the 16th day of December, 1916. The stipulation does not show who discounted the note for the contractor, or to whom the payment was made, but it is fairly to be inferred that it was to the holder of the note, and it is also to be inferred that upon the discount of the note the title thereto passed out of the subcontractor. It is not even stipulated whether or not the subcontractor indorsed the note, and if he did he may have indorsed it without recourse.

Unless he remained contingently liable on the note by indorsing it, his interest under his contract with the appellant to the extent of the note ceased upon the discount of the note precisely as if he had then been paid by appellant (*Battle* v. *Coit*, 26 N. Y. 404; *Fitch* v. *McDowell*, 145 id. 498; *McLean* v. *Griot*, 118 App. Div. 100; *Garrison* v. *Mooney*, 9 Daly, 218; *Allen* v. *Carman*, 1 E. D. Smith, 692), and he could not have filed a lien for the amount of his claim represented by the note; and if he indorsed it generally so that he remained contingently liable, he might have filed a lien and have assigned it to the holder of the note, but his own right to enforce it would have been suspended until the note became due and until by payment thereof or assignment or otherwise he acquired title thereto. (*Linneman* v. *Bieber*, 85 Hun, 477; *Teaz* v. *Chrystie*, 2 E. D. Smith, 621.) The giving of a note or the execution of a mortgage for an indebtedness is not, in the absence of other evidence, payment of the indebtedness and merely suspends the right of the creditor until the maturity of the obligation, at which time he is free to pursue any remedy he may have. (*Hall* v. *Pettigrove*, 10 Hun, 609; *Donovan* v. *Frazier*, 15 App. Div. 521.) In *Gass* v. *Souther* (46 App. Div. 256; affd., without opinion, 167 N. Y. 604), which is the only other authority relied upon by the trial court in making its decision (*Rukeyser* v. *Rouss*, 102 Misc. Rep. 417), a mortgage was executed by the owner to the contractor as security for part of the contract price of the improvements to be made to the real estate. That, of course, did not constitute a payment. The contractor remained the owner of the mortgage until *after* a lien was filed by a subcontractor. The court held that the lien attached to the amount secured by but unpaid on the mortgage at the time it was filed. It necessarily followed, therefore, that the assignee, who took the assignment as security only, took subject to the rights theretofore acquired by the lienor by the filing of the lien. In that case there had been no payment by the owner to the assignee of the mortgage until after the filing of the lien, and the contention was made that by the assignment of the mortgage the debt secured thereby was assigned and that ownership thereof had passed to the assignee, notwithstanding the fact that the assignment had been made

as security and for only one-quarter of the amount of the indebtedness secured by the mortgage. That decision, therefore, does not sustain the judgment in the case at bar. In this case it is to be inferred, for there is no evidence to the contrary, that the party who discounted the note became the *bona fide* holder thereof for value, and since this was before the filing of the liens, the appellant thereupon became absolutely liable on the note to the holder thereof and having subsequently paid it at maturity, is, so far as these lienors are concerned, in precisely the same situation as if it had paid the note on the day it was so discounted, which was before the liens were filed. There being no evidence that the note was made or discounted for the purpose of defeating any provisions of the Lien Law, upon the transfer thereof to a *bona fide* holder to whom the appellant became absolutely liable, that, in the circumstances, constituted payment and its obligation to the subcontractor to that extent was thereupon satisfied and discharged, for the subcontractor never became reinvested with title to the note nor did the lienors or any of them. (See *Garrison* v. *Mooney, supra.*) It was stipulated that all money due or owing to the subcontractor or which became due and owing with the exception of the amount represented by the note, was paid in cash by the appellant prior to the filing of the liens. The only point presented, therefore, is whether the liens attached to the amount represented by the note. It seems to me quite clear that they did not. In the absence of fraud between the general contractor and his subcontractor to defeat the object and purpose of the Lien Law, one performing labor or furnishing material to the latter becomes entitled, by subrogation only, to his right to file a mechanic's lien for money due or to grow due from the former, but upon filing the lien such right becomes *vested* in the lienor to the extent of money due, or to grow due, and cannot be affected by a subsequent failure of the subcontractor to complete performance. ( *Upton Co.* v. *Flynn,* 169 App. Div. 79; affd., 218 N. Y. 674; *Woodward* v. *Fuller,* 80 id. 312; *Foshay* v. *Robinson,* 137 id. 134; *Anisansel* v. *Coggeshall,* 83 App. Div. 491; *Brainard* v. *County of Kings,* 155 N. Y. 538; *Cunningham* v. *Jones,* 3 E. D. Smith, 650; *Upson* v. *United Eng. & Cont. Co.,* 72 Misc. Rep. 547; *Ferguson* v. *Burk,*

4 E. D. Smith, 760; *Smith* v. *Coe*, 2 Hilt. 365. See, also, *Williamson* v. *Barker, Rose & Clinton Co.*, 180 App. Div. 807.) The rule I have indicated is necessary to protect an owner or general contractor who in good faith executes a promissory note as an advance payment, as he has a right to do, against double liability, which it was not the intent of the Lien Law to impose. (See *Doughty* v. *Devlin*, 1 E. D. Smith, 625.)

It follows that the findings of fact and conclusions of law inconsistent with these views should be reversed, with costs, and appropriate findings and conclusions of law made in accordance therewith, and that judgment dismissing the complaint should be entered.

CLARKE, P. J., PAGE and MERRELL, JJ., concurred; DOWLING, J., dissented.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.