MAYER MARGULIES, Plaintiff, *v.* ELIZABETH SEIGEL and SOLOMON SEIGEL, Defendants.

(County Court, Kings County, August, 1919.)

Foreclosure — of mechanic's lien — contracts — judgments.

> The right to foreclose a mechanic's lien is not lost because the lienor is obliged to commence his action before the whole amount of the contract price is due.
>
> A contractor who files a notice of mechanic's lien within four months after the completion of the work done and the furnishing of material and before the maturity of the first of a series of notes given for the contract price, is within his legal rights and in an action to foreclose the lien is entitled to judgment for the amount due him on any or all of the notes at the time of the trial.

ACTION to foreclose a mechanic's lien.

Isidore Solomon, for plaintiff.

Israel H. Perskin, for defendants.

MACMAHON, J.  This is an action *in rem* brought by plaintiff who seeks to foreclose a mechanic's lien for the sum of $400 for painting work performed and materials furnished on defendants' property described in the complaint.

Plaintiff began the work under an agreement in writing with defendants dated September 3, 1918, and completed said work on September 21, 1918. By terms of said agreement plaintiff agreed to perform said work and furnish said materials to defendants for the sum of $400, and to accept in payment defendants' four promissory notes for one hundred dollars each, made and dated as follows: The first, dated the 23d day of October, 1918, and payable two months after date; the second, also dated October 23, 1918, and payable four months after date; the third, also dated the 23d day of October, 1918, payable six months after date, and the fourth likewise dated the 23d day of October, 1918, and payable eight months after date. That said notes were made by Solomon Seigel and indorsed by Elizabeth Seigel, defendants.

That on the 9th day of October, 1918, plaintiff filed his mechanic's lien in the office of the county clerk of Kings county, for the sum of $400 against the property of defendants.

That payment of the first note for $100 which fell due on the 23d day of December, 1918, was demanded from defendants, who refused to pay the same, and that said note was protested on the day it fell due, to wit, the 23d day of December, 1918.

That on or about the 31st day of December, 1918, plaintiff brought this action to foreclosure the said mechanic's lien against the property of defendants.

The court cannot agree with the learned counsel for the defendants, that because plaintiff chose to take advantage of his legal right and filed his mechanic's lien against defendants' property before the maturity of the first promissory note, that for that reason plaintiff's lien is "void, invalid and unenforceable." I think the law is well settled that the plaintiff's rights are not impaired by reason of his having filed his lien

before a promissory note taken for part of his lien had matured.

In *Landsberg & Co.* v. *Hein Constr. Co.*, 135 App. Div. 819, it has been held that the right to acquire a mechanic's lien will not be waived by the extension of credit, through the acceptance of notes, unless the time of payment is extended beyond the time within which an action must be commenced to enforce the lien.

A promissory note is a mere unconditional promise to pay, and although accepted by the plaintiff for work done and materials furnished, is not a security such as would bar plaintiff from filing his lien at any time within four months after the completion of the work. So vigilant is the justice of the law in the interest of labor honestly performed and materials furnished, that even if an agreement had been entered into between plaintiffs and defendants, whereby plaintiff had agreed to accept a mortgage in lieu of payment, it would not constitute a waiver of his right to file his mechanic's lien, unless such mortgage or other securities were legally delivered and actually accepted by the plaintiff. And our courts have held repeatedly that where the defendant has failed to comply with his agreement, plaintiff may enforce his lien, although the notice of lien was filed before defendants failed to comply with their agreement.

Therefore, it is the judgment of the court, that plaintiff in filing his mechanic's lien on the 9th day of October, 1918, within four months after the completion of the work done and the furnishing of the materials, and before the maturity of the first note, was within his legal rights.

The right to enforce a mechanic's lien is not lost nor waived by taking notes for the amount of the indebtedness, unless the time of payment is extended beyond the time within which an action must be com-

menced to enforce the lien. *Bukeyser* v. *Fountain & Choate, Inc.,* 185 App. Div. 263; *Happy* v. *Mosher,* 48 N. Y. 313; *Mott* v. *Lansing,* 57 id. 112; *Linneman* v. *Bieber,* 85 Hun, 477; *Woolf* v. *Schaefer,* 103 App. Div. 567.

It is the judgment of the court that the mechanic does not lose his right to foreclose his lien because he is obliged to commence his action before the whole amount of the contract has become due. In *Ringle* v. *Wallis Iron Works,* 85 Hun, 279; affd., 155 N. Y. 675, the learned court said: " There was an evident intention in the statute to assimilate the practice in the foreclosure of mechanic's lien to that of a foreclosure of a mortgage. In was not in the contemplation of the Legislature that a mechanic should lose his lien because he was obliged to commence his action before the whole amount of the contract had become due. As in the case of a mortgage, he might commence his action and recover all that was due at the time of the decree."

Therefore, it is the judgment of the court that the plaintiff did not waive his lien, but that said lien is good and valid, and that plaintiff is entitled to foreclose the same and to recover judgment not only for the amount of the promissory note which matured before the commencement of this action, but for whatever amount was due him on any or all of the said promissory notes made by the defendants and dated the 23d day of October, 1918, and which were due at the time of the trial of this action, with interest and costs.

Judgment accordingly.