ELMER E. WILSON, Plaintiff, *v.* LEVELL MOON, Doing Business under the Firm Name and Style of JOHN MOON & SON, and Others, Defendants.

Supreme Court, Niagara County, August 8, 1934.

*Lee, Ward & Gilric,* for the plaintiff.

*David E. Jeffery,* for the defendant Niagara Supply Co., Inc.

*Montfort & Montfort* [*Stanley H. Montfort* of counsel], for the defendant Columbia Casualty Company.

NOONAN, J. This is an action to foreclose a mechanic's lien for a public improvement. The plaintiff was successful in establishing his lien as was also the defendant Niagara Supply Co., Inc. The case was tried before a referee and in his report the referee allowed to the plaintiff and defendant lienor certain fixed sums as costs. On appeal the Appellate Division sustained the findings of the referee as to the liens, but held that he had no power to award the costs, that being a matter for the court, and accordingly modified the judgment so as to allow to the plaintiff and the defendant lienor " taxable costs." (240 App. Div. 440.)

The plaintiff and the defendant lienor taxed among other items the percentages allowed to the plaintiff on the foreclosure of a mortgage by section 1512 of the Civil Practice Act, and the item of thirty dollars allowed to the plaintiff upon a mortgage foreclosure under section 1512-a. On retaxation these items were objected to by the defendant and allowed by the taxing officer. The question before this court is whether the action of the taxing officer in this respect was correct.

On behalf of the plaintiff and the defendant lienor it is urged that the items are allowable by reason of the provisions of sections 42 and 43 of the Lien Law. Section 43 provides in substance that the provisions of the Civil Practice Act relating to actions for the foreclosure of a mortgage upon real property and the sale and the distribution of the proceeds thereof apply to actions in a court of record to enforce mechanics' liens on real property. Section 42 provides in substance that a lien for labor or materials furnished for the public improvement may be enforced in the same court and in the same manner as a mechanic's lien on real property.

The effect of section 43 was considered in *McLaughlin* v. *Mendelson* (160 App. Div. 37), where the court held that the plaintiff in an action to foreclose a mechanic's lien upon real property was entitled to the percentages specified in section 1512 of the Civil Practice Act by reason of the provisions of section 43 of the Lien Law. No case has been cited which determines the effect of section 42, in respect of the matter of costs, but the language of the court in the *McLaughlin* case affords a basis for decision.

It is to be noted that section 43 of the Lien Law renders applicable to the foreclosure of a mechanic's lien upon real property all of the provisions of the Civil Practice Act relating to mortgage foreclosures. This necessarily would include the provisions relating to costs except so far as different provisions are made in the Lien Law. Section 42, however, simply relates to the manner of enforcement of a lien for a public improvement, which does not, of necessity, include the provisions relating to costs.

In the *McLaughlin* case the court refers to and quotes from *Wright* v. *Reusens* (15 N. Y. Supp 504), where it was held that the percentages allowed to a plaintiff on mortgage foreclosures under section 3252 of the Code of Civil Procedure (now section 1512 of the Civil Practice Act) were not allowable upon the foreclosure of a mechanic's lien under the statute as it then existed. That statute provided that the manner and form in instituting and prosecuting any such action should be the same as in actions for the foreclosure of mortgages upon real property. In the *McLaughlin* case the court said: " There was no difficulty under the earlier statute in reaching the conclusion that the provisions for costs did not apply. The language was explicit." There is no distinction in substance between the language in that statute and the language of section 42 of the Lien Law, and the reasoning of the earlier case, approved in the *McLaughlin* case, applies.

There is no reason to suppose that the distinction which is here drawn between actions brought under section 43 of the Lien Law and actions brought under section 42 thereof is arbitrary or due to inadvertence on the part of the Legislature in the choice of words. The foreclosure of a lien upon real property is analogous to an action for the foreclosure of a mortgage. The judgment is for foreclosure and sale; the same kind of procedure is followed as where real property is sold under foreclosure to satisfy a mortgage.

On the other hand, where the action is to foreclose a lien for a public improvement, it is against a fund in the hands of the State or a municipality, and the judgment merely directs the distribution of money already available therefor. There is no necessity for proceedings to cut off the rights of other possible interests in any real property nor is it required to take proceedings for the sale of any property. It thus appears that there is a substantial reason why the costs allowable in an action to foreclose a lien for a public improvement should not be as great as those allowable in an action to foreclose a lien upon real property.

The motion to disallow the items of costs awarded to the plaintiff, viz., ninety dollars and seven cents, as commission, under section 1512 of the Civil Practice Act, and thirty dollars under section 1512-a of the Civil Practice Act is granted, but without costs.

The motion to disallow the items of costs allowed the defendant, Niagara Supply Co., Inc., viz., eighty-two dollars and seventy-five cents, as commission, under section 1512 of the Civil Practice Act, and thirty dollars under section 1512-a of the Civil Practice Act is granted, but without costs.

Submit order.